Filed March 1, 1892.

———————◆———————

No. 597.

## The Reliance Lumber Company *v.* Brown, Receiver.

Insurance.—*Mutual Fire Insurance Company.*—*Appointment of Receiver for.* —*Losses Occurring Thereafter.*—*Liability to Members Without Notice.*— Where an application was made for the appointment of a receiver for a mutual fire insurance company of this State, and there was an appearance by the company to such application, and a confession of insolvency, and good cause existed for the appointment of a receiver, and

it was adjudged insolvent, its property sequestrated by the court, and an order entered appointing a receiver, every member of the company is bound by such order without further notice, and all liability over future losses then ceases. A member of the company under such circumstances can not recover on a policy for a loss occurring after the appointment of a receiver. The plaintiff, having given a premium note in consideration of his policy, belonged to that class of policyholders who were members of the insurance company under our statute. Sections 3751-2, R. S. 1881.

SAME.—*Reason for Appointment of Receiver.*—*When Decree Need not Disclose.*—*Averment of Insolvency in Complaint.*—*Admission of in Answer.*—Where the complaint averred the insolvency of the company, and the answer admitted it, it was not necessary that the decree should disclose the court's reason for the appointment of the receiver.

From the Marion Superior Court.

*S. N. Chambers* and *M. Moores*, for appellant.

*N. Morris*, *L. Newberger*, *J. B. Curtis* and *W. T. Brown*, for appellee.

REINHARD, J.—The appellant filed a claim in the Marion Superior Court against the Manufacturers' Mutual Fire Insurance Company in the hands of the appellee as receiver thereof. The claim is for a loss sustained by fire May 8, 1890, amounting to $702.07, under a policy of insurance issued to the appellant by said company. On June 27, 1891, the receiver filed his report in the Superior Court disallowing said claim for the reasons set out in said report. The court approved the report over appellant's objection and exception, and from that order this appeal is taken: The facts upon which the appellant rests its claim, and which are agreed to by both parties, are as follows:

"*First.* On the 2d day of May, 1889, the Manufacturers' Mutual Fire Insurance Company issued its policy, No. 2718, to the Reliance Lumber Company, of Beaumont, Texas, insuring said lumber company in the sum of two thousand dollars ($2,000) against loss by fire on certain mill machinery and buildings.

"*Second.* That on said day, as a part of the consideration

of said policy, said Reliance Lumber Company executed its premium note, dated May 1, 1889, promising to pay to said insurance company the sum of $550 in instalments at such time as the directors of said company might order and assess, etc.

" *Third.* That all assessments on said premium note, made prior to and including April 26, 1890, had been paid by said company.

" *Fourth.* That on the 26th day of April, 1890, William T. Brown, by the judgment of the Marion Superior Court, in cause No. 40,800, entitled J. H. Clark *et al. v.* The Manufacturers' Mutual Fire Insurance Company, was duly appointed receiver of said insurance company and qualified as such, and took the charge and management of its affairs, and is still acting as such receiver.

" *Fifth.* That on the 26th day of April, 1890, an order was made by the court in the above entitled cause, cancelling all outstanding policies and thereafter, to wit, on May 2, 1890, said receiver deposited in the postoffice at Indianapolis, Indiana, sealed in an envelope, postage prepaid, and caused the same to be registered, a notice addressed to said Reliance Lumber Company, at Beaumont, Texas, (its place of business) informing it of the fact that said policy of insurance had been cancelled on the 26th day of April, 1890, as aforesaid.

" *Sixth.* That said notice was received by the said Reliance Lumber Company, of Beaumont, Texas, on the 12th day of May, 1890.

" *Seventh.* That on the 8th day of May, 1890, before notice was received by said lumber company of the appointment of the receiver for said insurance company, and before said notice was received by said lumber company of the action of the receiver cancelling said policy of insurance, there was a partial loss by fire of the property insured under said policy, No. 2718.

" *Eighth.* That by the terms of said policy said Reliance

Lumber Company was required, within thirty (30) days after the fire, to render to the insurance company a particular statement of the loss, signed and sworn to by it, stating such knowledge or information as the insured had been able to obtain as to the origin and circumstances of the fire, and also stating the title and interest of the assured and of all others in the property, the cash value thereof, the amount of loss or damage, all other insurance covering any of said property, and a copy of the written parts of said policies, and the occupation of the entire premises, all of which has been done.

" *Ninth.* That the total loss by said fire was $3,230, the total insurance $10,000, of which the share of the loss of the Manufacturers' Mutual Fire Insurance Company, under its said policy, is $702.07.

" *Tenth.* That said policy of insurance was issued on the 2d day of May, 1889, and insured the property therein described for the term of five (5) years from that date; and in part consideration thereof the said Reliance Lumber Company executed to said insurance company its promissory note for the sum of $552, payable by instalments at such time as the directors of said company might order and assess for the losses and expenses of the said company, pursuant to its charter and by-laws, which promissory note is now held by said receiver, and is subject to further assessments by him under the order of the court for the purpose of discharging its obligations.

" *Eleventh.* That said Manufacturers' Mutual Fire Insurance Company, at the time of the appointment of the said receiver, was and still is and continues to be insolvent, and does not have sufficient property to discharge its existing admitted obligations, exclusive of the claim made by the said Reliance Lumber Company."

This agreed statement of facts was taken by both the receiver and the court as the basis of the appellant's claim, and together with the record in the cause in which the receiver was appointed, which is also a part of the record in

this case, furnishes the foundation upon which the questions submitted to us are to be determined.

By the case thus presented and according to the line of argument pursued by counsel on both sides, the points for decision in this appeal are reduced to a comparatively narrow compass.

The contention of the receiver is that a mutual fire insurance company of this State is not liable for loss occurring after it has been adjudged insolvent, its property sequestrated by the court and an order entered appointing a receiver, as was done in this case; and that if there was an appearance by the company, to such application, and a confession of insolvency, and that good cause existed for the appointment of a receiver, every member of the company is bound by such order without further notice, and all liability on future losses then ceases; that it was therefore immaterial that the court ordered notice of the cancellation of the policies to be given to each holder, which (in the instance of the appellant) was not received until after the loss. Appellant, on the other hand, contends that, as the policy provides for notice in case the company desires to cancel it, and as the receiver here represents the company, in place of the directors thereof, the receiver was bound to give such notice before cancellation could take place, and as that was not done, the liability still exists. The court adopted the view of the receiver and held that no notice was necessary.

It is provided by statute that every person insured in any mutual fire insurance company shall be a member thereof during the time of such insurance. It is further provided that every person who thus becomes a member before receiving a policy shall deposit his promissory note, as a premium note, and shall pay such further consideration as may be agreed upon. The promissory note shall be payable in assessments as may be required by the directors. But any person insuring in such company may, if he so desire, pay a definite consideration in lieu of giving the premium note,

and in that case he shall not be a member of the concern nor entitled to participate in the accumulations of the company. Sections 3751, 3752, R. S. 1881.

It thus appears that by the provisions of the statute cited there are two classes of policy-holders contemplated, viz.: 1. Those who give a premium note and are members of the company, and 2. Those who pay a definite sum—designated as a cash premium—and who are not members. *Clark* v. *Manufacturers' Mutual Fire Ins. Co.*, 130 Ind. 332. We think it abundantly appears from the agreed statement of facts that the appellant had given a premium note in consideration of its policy and belonged to that class of policy holders who are members of the insurance company. The record also shows, we think, that the receiver was appointed on account of the insolvency of the company. The company appeared to the application and admitted its insolvency, and upon this the receiver was appointed. We think the law is settled that the policy holders who are members of the company are bound by the latter's appearance in court to an application for a receiver, and by the order and decree of the court therein without further notice. Policy-holders of this class who sustain losses after the decree is entered declaring the company insolvent, and appointing a receiver, are not entitled to share in the distribution of the company's assets. *Taylor* v. *North Star Mutual Ins. Co.*, 46 Minn. 198; *Commonwealth* v. *Massachusetts Mutual Fire Ins. Co.*, 119 Mass. 45; *Mayor* v. *Attorney General*, 32 N. J. Eq. 815; *Dean and Son's Appeal*, 98 Pa. St. 101; 16 Am. & Eng. Encyc. of Law, 105. The case of *Taylor* v. *North Star Mutual Ins. Co.*, *supra*, is much in point. There an action had been brought by Taylor, alleging the insolvency of the company, asking for an injunction restraining the corporation from exercising any of its corporate rights, etc., and for the appointment of a receiver. The defendant appeared admitting its imminent insolvency,

and consenting that its affairs might be wound up, etc.   A. receiver was appointed.   Subsequently, and in the evening of the same day, a fire occurred by which one of the members of the company, which like that in the present case was a mutual one, sustained a loss of property covered by his policy.   The court says:   " Under the act referred to and the policies issued by the company, all the policy-holders became and were members of the company during the period of insurance.   They were therefore bound by the appearance and answer of the company, and the order of the court thereon was equivalent to an adjudication of its insolvency at that date, and placed its affairs and assets in the hands of the receiver, who was invested with the usual powers of receivers in such cases.   The result is the business and corporate functions of the company were suspended, and its property and assets had been taken possession of by the court, to be administered as in the case of an insolvent corporation, before the loss in question occurred.   The question here presented is the effect of these proceedings upon outstanding policies.   The affairs of the company were as completely in the hands of the court for settlement as if there had been a formal judgment dissolving the corporation.

" No issues remained to be determined, and the receiver was obliged to wind up its business under the direction of the court.   Each member of the company was liable for losses in proportion to the amount of his premium note, which was the limit of his liability ; and the aggregate cash premiums, investments, and interest, with the premium notes, constituted the capital of the corporation.   There is no stock or stockholders, and no other funds for the payment of claims. *Mygatt* v. *New York, etc., Ins. Co.*, 21 N. Y. 52, 65.   The only remedy available for creditors is to reach these assets. But in this instance the association, representing all the members, had ceased to control its assets, and had been put into liquidation before the loss occurred.   It exists, and the membership of the policy-holders is continued, solely for the pur-

The Reliance Lumbér Company v. Brown, Receiver.

pose of settling up its affairs. The effect was to terminate all contracts of insurance at the date of the appointment of the receiver.

"These contracts were not debts or fixed liabilities of the company. In respect to them its liability depended upon the contingency of losses by the assured during the life of the policies; and when losses have not occurred before the adjudication of insolvency, the only liability to the policy-holder is for the breach or cancellation of the contracts by the adjudication of insolvency and consequent suspension of business by the company, and its disability to fulfil its contracts of indemnity, (*People* v. *Security, etc., Ins. Co.*, 78 N. Y. 114) and the measure of damages is the surrender value of the policies. (*Carr* v. *Union, etc., Ins. Co.*, 33 Mo. App. 291). The loss in this case had not occurred until after the adjudication of insolvency. The policy of the claimants must therefore be determined to stand on the same footing as those of other members of the company not yet matured."

The facts underlying the case from which we quote are so much like those with which we are here dealing and the reasoning of the court and the enunciations of the rules of law governing such cases are so clearly and cogently stated therein, and apply with such peculiar force to the case in hand, that we feel justified in copying a large portion thereof in this opinion. The other authorities cited fully sustain the position here taken, we think, and we need not make any further quotations from any of them. The rule requiring the members of the company to take notice of such proceedings is well settled, and we are in duty bound to adhere to it.

Nor can we agree with counsel for the appellant that, as there was no specific finding that the company was insolvent at the time of the appointment of the receiver, therefore the facts do not bring the case within the rule declared by the cases cited. It is admitted as a fact in this cause that the insurance company was and still is wholly insolvent, and not able to pay in full even the losses it had sustained prior

to the appointment of the receiver. The court must be presumed to know this fact and to have acted upon it in appointing the receiver. The complaint averred insolvency and the answer admitted it. It was not necessary that the decree should disclose the court's reason for the appointment of the receiver. It is sufficiently shown what the latter was appointed for and what his duties were. It did not become the duty of the receiver under the appointment to carry on an insurance business in the place of the directors, as urged by counsel for appellant, until the financial difficulties of the company were " bridged over." The evident purpose of the receiver's appointment was to cancel all outstanding policies and to liquidate existing liabilities. After that has been accomplished we need not decide whether the corporation may continue its existence under its general statutory privileges as an insurance company and resume its former business functions or not.

The court did not err in disallowing the appellant's claim. Judgment affirmed.

Filed March 3, 1892.