GEORGE B. ST. JOHN, Respondent, v. MONTGOMERY MINING COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Partnership** : NOTICE OF DISSOLUTION : FORMER PATRON : KNOWLEDGE. A retiring partner need not give notice of dissolution of any kind so far as it concerns one who has never had any previous dealing with the firm; but a person who had knowledge of a retiring partner's connection with the firm would seem to be entitled to notice of dissolution.

2. ———: ———: NAME OF FIRM. The fact that the partnership name of itself gave no intimation of who the partners were makes no difference as to notice of dissolution.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*Johnson, Rusk & Stringfellow* for defendants.

(1) The plaintiff's instruction number 12 is erroneous. It purports to cover the whole case, but fails to submit issues essential to plaintiff's recovery. And this error was not cured by any of the other instructions. *Hohstadt v. Daggs*, 50 Mo. App. 240; *Clark v. Hummerly*, 27 Mo. 55; *Griffith v. Conway*, 45 Mo. App. 574. It failed to require the jury to find that

the work was done or the material furnished in reliance on H. B. Coulter's being a partner. (See citations under point 1.) *Block v. Price*, 24 Mo. App. 14; 1 Bates on Partnership, secs. 90, 91. (2) This instruction is further erroneous in that it requires H. B. Coulter to have given notice of his withdrawal. Notice from a withdrawing member need be given only to such as have had former dealings with the firm during the connection therewith of the partner sought to be held, and have given the credit relying on such member's being so connected at the time the credit is given. *Dowzelot v. Rawlings*, 58 Mo. 75; *Cook v. Slate Co.*, 36 Ohio St. 135; *Waite v. Dodge*, 34 Vt. 181; 2 Bates on Partnership, sec. 609; *Pope v. Risley*, 23 Mo. 185; *Hahlo v. Mayer*, 102 Mo. 96, 97; *Thompson v. Bank*, 111 U. S. 530.

*Kendall B. Randolph* for respondent.

(1) The plaintiff and those for whose accounts he sues, had a right to act on the statements of the partner in charge and on the general understanding. *Hahn v. Kenefick & Gleason*, 48 Mo. App. 518; *Bank v. Schoen*, 123 Mo. 650, 657. There is no denial of the authority of Fuller to contract on behalf of Herbert B. Coulter, and the other partners, and Herbert B. Coulter expressly states in his deposition, that he gave Fuller no notice and did not in any manner revoke his authority. *Bank v. Schoen, supra; Holt v. Simmons*, 16 Mo. App. 97. The last case cited *supra* not only recognizes the doctrine that the act of one of the partners binds the firm, but also that the general public is entitled to notice, and also justifies the conclusion that Herbert B. Coulter is liable because of his own negligence in not notifying his partner Fuller, who was in charge, and who had authority, until the same was revoked, to bind all the

members of the firm. (2) Defendants can not complain because instruction number 12 given for plaintiff was too favorable to plaintiff and required the jury to find more than was necessary to entitle plaintiff to recover. The testimony of Herbert B. Coulter fixes his liability. He contracted for the work and material through his agent, D. P. Fuller. The verdict is unquestionably for the right party and should not be disturbed.

ELLISON, J.—This action was brought on several accounts, some due the plaintiff directly and others assigned to him. The suit was originally brought against Herbert B. Coulter, Harold L. Coulter, Nellie Coulter, Elizabeth Ballinger, D. P. Fuller, and C. A. Dunnakin. There was no service on Fuller and Dunnakin, and plaintiff dismissed the case as to the two female defendants. There was a verdict for plaintiff on all of the eleven counts of the petition and defendants Herbert B. and Harold L. Coulter appeal.

STATEMENT.

All of the defendants were charged with being partners engaged in mining in Gilpin county, Colorado, under the name of the Montgomery Mining Company. The record seems clearly to establish the liability of Harold L., but whether the judgment against Herbert B. is proper depends upon the correctness of the instructions given by the court. Herbert claims to have withdrawn from the partnership before the indebtedness evidenced by the accounts arose. The plaintiff's claim is that, if he did, there was no notice of such withdrawal and that Herbert permitted the partnership to run on without sign or evidence of a change in the partnership.

The court, at plaintiff's instance, instructed the jury that in order to escape liability, Herbert B. must not only have withdrawn from the firm, but must have

also given notice to the public in Gilpin county, Colorado, of such withdrawal before the work was done and the supplies furnished, unless the parties doing the work, or furnishing the supplies, did not believe that Herbert B. was, at the time, a member of the firm. The instructions given for defendants were directed, *first*, to what it would take to constitute a partnership between the parties; and next to requiring of the jury to find for defendant, Herbert B., if he was not a partner, unless he held himself out to the world as a partner.

We discover by the motion filed herein that we overlooked the facts upon which the decision in *Dowzelot v. Rawlings*, 58 Mo. 75, was based. The facts of that case show it to be the view of that court that even though one has been an actual member of a partnership and retires, he need not give notice of dissolution of any kind, so far as concerns one who has never had any previous dealings with the firm. Following

PARTNERSHIP: notice of dissolution: former patron: knowledge.

*Dowzelot v. Rawlings, supra*, we must rule it error to declare, without the limitation hereinafter suggested, in instruction number 12 for plaintiff, that there should have been a public notice of the dissolution in Gilpin county, Colorado.

Since the case must be retried, we will add that even though plaintiff had had no previous dealings with the partnership, yet if he had previously known that defendant Herbert B. was a member of the partnership and no notice of dissolution was given, he, Herbert B., would still be liable. "It seems that public notice of dissolution is required to protect a retiring partner from the future claims of persons who have had no previous dealings with the partnership, but who have knowledge of the persons who composed the firm." Story on Part., sec. 160, latter part note 1;

*Pratt v. Page*, 32 Vt. 13; *Bank v. McChesney*, 20 N. Y. 240; *Southwick v. McGovern*, 28 Iowa, 533.

And this statement of the law is comprehended by the language used in *Dowzelot v. Rawlings, supra.* That language is (italics ours): "As to persons who have had no previous dealings with *or knowledge of the firm, or of those who composed it,* no notice of dissolution is necessary," etc. And so may the same be said of the language of Story (section 160) relied upon in the case aforesaid.

The fact that the partnership name in this case, of itself, gave no intimation of who the partners were, would make no difference, since the membership could well be known. Instruction number 12 was doubtless drawn in the hurry of the trial and is inapt and well nigh misleading in much of its wording. It can and should be made specific and clear at the next hearing. Judgment reversed and cause remanded. All concur.