WILLIAM H. MILES, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 7, 1898.**

1. **Damages:** PERSONAL INJURY: AGGRAVATION OF INJURY: NOMINAL DAMAGES. Although an injury may be aggravated by neglect, still if there was substantial injury, it is error to instruct for mere nominal damages.

2. **Evidence:** DECLARATIONS TO AGENT OF CORPORATION: MAKING EVI-DENCE: CROSS-EXAMINATION: HARMLESS. A party can not put in evi-dence in an action against a corporation his declarations to the agent of such corporation where he requested him not to communicate them to the principal; and the fact that the defendant cross-examined the witness on such matter does not waive his objection to their compe-tency; and in this case such declarations are not merely cumulative and harmless but prejudicial.

*Appeal from the Mercer Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

W. F. EVANS and McDOUGAL & SEBREE for appel-lant.

(1) The testimony of the witness, James Drink-ard, that plaintiff told him the next morning after the

injury "that he got his knee hurt, or leg hurt; by a
rope breaking at one of those doors," was not admissible.  It was but a self-serving declaration in his own
interest, and held by all the authorities to, be inadmissible.  Leahey v. Railway, 97 Mo. 165; Adams v. Railroad, 74 Mo. 553; Devlin v. Railroad, 87 Mo. 545; 1
Greenl. Ev., 108; 1 Taylor Ev. [7 Ed.], 588; Dayharsh
v. Railroad, 103 Mo. 570, 578; McDonald v. Matney,
82 Mo. 358, 366.  (2)  Notice to the agent kept from
the principal by collusion between the agent and the
party dealing with him is not notice to the principal.  1 Am. and Eng. Ency. Law [2 Ed.], 1146; Hickman v. Green, 123 Mo. 165; Bank v. Lovitt, 114 Mo.
519; Ins. Co. v. Minch, 53 N. Y. 144; Machine Co. v.
Beting, 46 Mo. App. 417, 420.  (3)  Instruction number 3
asked by defendant was under the evidence proper, and
the action of the court in refusing it error.  Where one is
injured and recklessly neglects the injury, and by his
conduct continually and knowingly aggravates it, so
that it is impossible to arrive at the extent of the injury
with any reasonable degree of certainty, he ought not to
be permitted to recover at all, or more than nominal
damages.  For he himself has put it out of the power of
the court and jury to arrive at a conclusion of the rights
of the parties upon any reasonable or satisfactory
basis.

HARBER & KNIGHT for respondent.

(1)  It being the practice of employees to report
all injuries to the company, it was competent, original evidence to show that plaintiff reported his injury
to his superior Drinkard.  (2)  But, if not competent evidence, the plaintiff had, previous to the reading of Drinkard's deposition, testified to the same
facts—without any objection from the defendant, and

it was therefore but cumulative of that which had been offered by plaintiff and admitted without challenge by defendant and affords no ground for disturbing the judgment. Lewis v. Humphries, 64 Mo. App. 466–470. (3) Not only did the plaintiff without objection from the defendant testify to the same facts previous to the reading of Drinkard's deposition, but defendant went further and elicited the same facts from Drinkard by cross-examination. Schroeder v. Michel, 98 Mo. 43, loc. cit. 50; Watson v. Race, 46 Mo. App. 546; Morris to use v. Brunswick, 73 Mo. 256. (4) The uniform holding has been that plaintiff, after the injury, was required to exercise only such care and attention in regard to his case, as a prudent man would have exercised under the circumstances, and this is a question for the jury, with which the court has nothing to do. Klutts v. Railroad, 75 Mo. 642–648; Nagel v. Railroad, 75 Mo. 650–667; Car Co. v. Bluhin, 109 Ill. 20; Lyons v. Railway, 57 N. Y. 489; Santer v. Railroad, 66 N. Y. 50; Rice v. Des Moines, 40 Iowa, 688; La Salle v. Thornbike, 7 Bradw. 282; Tweed v. Council Bluffs, 32 Iowa, 324; Atlanta, etc., Co. v. Ayers, 53 Ga. 12; Bardwell v. Jamaica, 15 Vt. 438; Allender v. Railroad, 37 Iowa, 264; Patterson Railway Accident Law, p. 48, sec. 397; Samders v. Railway, 8 C. B. N. S. 887; 98 E. C. L. (In this last case the plaintiff disregarded his physicians' instructions.) Russell v. Inhabitants, 74 Mo. 480–487.

ELLISON, J.—Plaintiff was in the employ of defendant in 1895 at its roundhouse in the city of St Joseph. In February of that year, he ran an engine into the roundhouse and in leaving he attempted to close the large doors, each sixteen feet in height and five or six feet in width. The contrivance for closing the doors was a rope fastened at the top of one of them and run down the side under a pulley

STATEMENT.

where the end was which was taken hold of by hand to pull the doors closed. In pulling on the rope in this instance, it broke and caused plaintiff to fall against the engine, striking his knee thereon. Plaintiff, according to his statement, though speaking of the accident next day supposed it was not of much consequence and kept on with his work for defendant after a rest of one or two nights, and requested that nothing be said about it as he feared defendant, as was its custom in cases of injured employees, would keep him from work "until they procured a release which would take at least thirty days." There was evidence tending to show the rope was old and unfit for use and that defendant's agents knew it. Plaintiff continued work for defendant for a month after his injury when he quit and undertook to engage himself to another railroad company but failed. He then returned to St. Joseph, entered into the service of a show company and afterward at a lunch counter in the depot. He quit the latter employment after a short time and went to work on a farm near Pleasanton, Iowa. He continued this until his knee got into such a condition as to prevent further labor. While at the latter place, more than a year after the injury, a physician began to treat his knee. There was evidence tending to show that it was in bad condition at the trial and that amputation was not improbable. The defense was that the claim was simulated, and contributory negligence in not making any effort to care for his knee and by using it to such an extent as to cause its condition. The judgment was for plaintiff for $1,000.

The defendant asked an instruction to the effect that it was plaintiff's duty to have used all reasonable care to make the extent of his injury as light as possible. And that if he negligently failed to take care of his leg, and failed to have it treated for a year after the

accident and thereby increased the injury, he was not entitled to recover anything for such increased injury. (And that if the jury was unable from the evidence to arrive at any reasonable estimate of the extent of such injury had it been properly cared for then the plaintiff could not recover more than one dollar damages.) The court gave the instruction except that part enclosed in brackets, which was refused.

We are of the opinion that the court's action was proper. The injury complained of by plaintiff is somewhat peculiar. It was thought by plaintiff to be of such slight consequence, that he gave it no attention and made no complaint of it. He continued at his work with the short interruption of one or two nights. He even requested that nothing be said about it to defendant's officials. After working a month, he quit to seek service in another company as a *brakeman* which is convincing evidence that he did not regard himself injured. He performed various other kinds of work requiring active use of his legs for something more than a year, before he had a physician to treat it. Without going over the record in detail it is sufficient to state that there was evidence tending to prove, especially from strong and legitimate inference to be drawn from it, that plaintiff's injury would have been much less than shown at the trial but for his own conduct afterward. But notwithstanding this there was evidence, practically undisputed, that his injury immediately following the accident and before he had opportunity to neglect it was substantial enough to call for more than the sum of one dollar. He testified that he suffered immediately and that it made him sick and that he could not work for a night or two.

There was evidence tending to show one Drinkard had immediate direction of plaintiff in his work,

DAMAGES: personal injury: aggravation of injury: nominal damages.

though Drinkard was himself a subordi-
nate. Plaintiff had testified that on the
next morning after the accident he asked
Drinkard not to report it to the company
as he did not want to be kept out of
employment. He feared he would have to quit work
"until he could get a release" from the company
authorizing him to resume work. Drinkard's deposi-
tion was afterward read in evidence in which he was
allowed to state over defendant's objection that plain-
tiff told him that he got hurt and how it happened.
It is sought to justify this evidence by the fact that
the statement was made to defendant's agent. But
while this is true it was accompanied with the request
and understanding that it should be withheld from
the principal and under such circumstances, it was no
more than a voluntary statement to a stranger, in his
own interest. It was not made to Drinkard as a com-
munication to defendant through its agent. It was
made to him not in the capacity of agent, and it may
be said accompanied with the request that it should not
be heard by him as an agent. It was clearly error to
admit it.

*(margin note: EVIDENCE: declarations to agent of corporation: making evidence: cross-examination: harmless.)*

But it is said that afterwards defendant cross-
examined Drinkard about the same and therefore
waived the error. It would be a strange rule that
would permit one to introduce evidence over the
protest and objection of the opposite party and then
refuse the latter the privilege of cross-examination on
that subject unless he waived the objection. It is
possible that the course of a cross-examination might
be such that it would clearly appear all objection to
some evidence in chief was withdrawn. Such may
have been the cause of the remark of Judges Ray
and Barclay in Schroeder v. Michel, 98 Mo. loc. cit.
50. But certainly no such state of case exists here.

Again it is claimed that plaintiff had testified to the same facts without objection and therefore the testimony of Drinkard was cumulative and harmless. Lewis v. Humphries, 64 Mo. App. 466. It is a mistake to say the same facts had been testified to by plaintiff. Plaintiff merely stated that he requested that nothing be reported to the company, while Drinkard testified to what plaintiff told him as to how the accident happened.

The admission of the evidence must not only be presumed to be prejudicial (Dayharsh v. Railway, 103 Mo. 578), but it violated that fundamental rule that one can not be allowed to make evidence for himself by his declarations in his own behalf, though he has full scope in the contrary direction.

The instruction as to measure of damages under the later rulings of the supreme court was correct. We have found no error other than above mentioned and for that the judgment will be reversed and cause remanded. All concur.