PAUL McCUE, APPELLANT, v. H. A. SCHWEER AND W. W. JOHNSTON, RESPONDENTS.*

Kansas City Court of Appeals.   June 6, 1927.

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 480, n. 63; Evidence, 22CJ, p. 220, n. 26; Partnership, 30Cyc, p. 609, n. 43; p. 679, n. 69; Trial, 38Cyc, p. 1399, n. 82.

*W. E. Suddath, J. W. Alexander* and *Davis & Ashby* for appellant.

*Nick M. Bradley, James A. Parks* and *C. A. Calvird, Jr.* for respondent.

WILLIAMS, C.—A petition was filed in Henry county and the venue transferred to Johnson county. This is an action on a promissory note and debt. There are two counts in the petition.

First is on a promissory note for $5450, payable to the order of P. S. McCue drawing interest at eight per cent compounded. The note is signed by Johnson and Schweer, by H. A. Schweer, endorsed without recourse by P. S. McCue.

The second count is for a debt. The two counts are for the same cause of action.

The suit was dismissed as to Schweer, defendant Johnston having filed separate answer the trial proceeded as to him. In the answer defendant Johnston denied that he executed the note, denied any funds were procured or that any consideration was given for the note. He further answered that he and Schweer dissolved partnership on the 20th day of September, 1924, and after that he had no interest in the firm; that he paid large indebtedness on notes execu-· ted in the name of Johnston and Schweer; that he had notified the President of the Peoples Exchange Bank at Jamesport, Missouri, that Schweer had no authority to sign his name or to borrow money; that on September 20, 1924, Johnston sold his interest in the partnership to Schweer, Schweer assuming all indebtedness; that thereafter Schweer continued to use the name of Johnston and Schweer and gave a note to the Peoples Exchange Bank for the amount sued on in the petition; that the bank owned the note and transferred it when the bank was in a failing condition in an attempt to prefer P. S. Mc-Cue as a creditor. And that the transfer to plaintiff was without consideration. The answer was sworn to.

Plaintiff by his reply put these facts at issue and further in his reply pleaded estoppel, by reason of the fact that Johnston had allowed the partnership to continue in the name of Johnston and Schweer, and the plaintiff had no notice of any dissolution. On the 9th day of March, 1926, the case having been tried, the jury returned a verdict for the defendant on both counts, and plaintiff in due course and in proper manner has brought the case here on appeal.

The facts developed that in 1917 Johnston acquired a stock of merchandise located at Jamesport, Davies county, Missouri. Schweer purchased one-half interest from Johnston for $5000. Schweer paid $1000 in cash and executed his note for the remainder of the purchase price of $4000. A partnership was formed between H. A. Schweer and W. W. Johnston. Under the name of Johnston and Schweer they operated a general merchandise store at Jamesport. The business was thus conducted until April 21, 1925. On the 21st day of April, 1925, an assignment was made. A large business was done and at one time the stock was increased to $45,000 from about $10,000 when purchased. At the time of the assignment the stock was of the value of about $20,000 with an indebtedness of about $32,000. Schweer was in active charge of the business. All stationery, checks and signs, advertising matter, book accounts and telephone directory were in the name of Johnston and Schweer. No notice of retirement was given. It appears that the partnership did their business with the Peoples Exchange Bank; that money was borrowed from the bank in the name of Johnston and Schweer; that prior to December 1,

1924, several loans were made by the bank to Johnston and Schweer, including rent of $700. On December 1, 1924, Schweer executed a note in the name of Johnston and Schweer for $4450 taking up these different items. Paul McCue testified that he had paid the firm of Johnston and Schweer by check, and that the checks when returned bore the endorsement of Johnston.

P. S. McCue lived near Jamesport and had been a heavy depositor in the Peoples Exchange Bank. He was not an officer or director in said bank. In January, 1925, he had $20,000 on deposit in a savings account at the bank and had had for two or three years approximately that amount on deposit. On his deposit he received a preference over other depositors. Mr. George Koch had been president of the bank but on January 12, 1925, was not re-elected. It seems that $15,000 in Liberty Bonds belonging to the bank and $14,000 in customer's bonds were missing. Capital stock of the bank was $20,000 and $10,000 surplus. On January 26, 1925, the bank transferred to McCue the note sued on and ten other notes aggregating $14,906. He took up the notes by giving a check on his savings account. Two days thereafter the bank went into the hands of the Finance Department, and was at the time of the trial in the process of liquidation. A resolution was introduced in evidence, although not recorded in the minutes of the bank, authorizing the sale of these notes to P. S. McCue. After obtaining the note of Johnston and Schweer, P. S. McCue went to Schweer and had him renew the note, making P. S. McCue the payee instead of the bank. This was done about one week after the bank closed and the note was dated back to December 1, 1924. This note was endorsed without recourse by P. S. McCue to his son Paul McCue, who is now the plaintiff. P. S. McCue and Paul McCue visited the defendant and there is a sharp conflict as to the conversation. P. S. McCue testified he transferred this note to his son to pay his son for improvements placed upon the farm of P. S. McCue. This was bourne out by the testimony of the son. No notice seems to have been given by Johnston as to the dissolution of the partnership, save his statement to Mr. Koch, the banker.

Other facts will be noted in the course of the opinion.

The court of its own motion directed the jury that they should find for the defendant, if before the loans were made defendant Johnston notified Mr. Koch, president of the bank, not to make the loans, or if the notes were transferred after an act of insolvency or any contemplation thereof by the Peoples Exchange Bank with a view to prefer P. S. McCue as the creditor of said bank.

Instruction No. 2 given by the court of its own motion, submitted the same defense to the jury. Complaint is made of the admission of certain evidence consisting of conversations between Schweer and

Johnston in the absence of plaintiff. We think this evidence was improperly admitted. Of course, Johnston could testify as to the dissolution of the partnership, but further than that the declaration was merely self serving. The case of Young v. Smith, 25 Mo. 341, is authority for that holding.

Again the letter from Dunn and Bradstreet was incompetent and highly prejudicial. The Supreme Court of this State in Edward Hely v. J. H. Hinerman, 303 Mo. 147, l. c. 172, had the same question before them:

"Nor was there error committed by the trial court in refusing to receive in evidence letters "D" and "C." The case had been dismissed as to defendant Cope, the author of the letters, and they were clearly incompetent as to Smith as being hearsay and mere legal conclusions of Cope."

The same may be said of the contract between Johnston and Schweer to which plaintiff was not a party. It is contended by respondent, that even though this evidence is not admissible, that the cross-examination touching these matters indulged in by plaintiff's counsel, waived the error. No authority is cited in support thereof. This court in Hydraulic Press Brick Company v. H. M. Green, Lucy Timmons, Thomas F. Morrow and Allen Investment Company, 177 Mo. App. 308, l. c. 316, said: "Nor did it waive the objections by inducing a repetition of the objectionable matter on cross-examination." And cites as authority the cases of: "Barker v. Railroad, 126 Mo. 151; Miles v. Railroad, 76 Mo. App. 489; Costigan v. Trans. Co., 33 Mo. App. 291."

Objection is made to the instructions heretofore alluded to. We think the instructions are erroneous in that they do not require the jury to find that the plaintiff had notice.

The law seems to be that a retiring partner is liable for the debts contracted by the partnership in favor of persons who had previously dealt with the firm, unless the person was duly notified of the retirement. This statement is bourne out by the following cases: St. John v. Mining Co., 68 Mo. App. 420; Osborn v. Wood, 125 Mo. App. 250; Knaus v. Givens, 110 Mo. 58; Seufert v. Gille, 230 Mo. 453; 30 Cyc., sec. 8, p. 608.

McCue had dealt with the firm and was entitled to notice of retirement of Johnston, if Johnston did retire. The conversation related by McCue raised a question of fact for the jury as to the issue of Johnston's retirement.

The instructions given by the court of its own motion were, under the above authorities, erroneous.

The other defense urged by the answer of defendant is that the bank transferred the note to P. S. McCue in order to prefer him as a creditor of the bank, and that the note is "utterly null and void,"

and, even if not utterly void, the plaintiff was not a holder in due course.

If the note is thus void the plaintiff cannot recover, and if no consideration was given for the note, plaintiff was not a holder in due course.

We think under proper instructions these issues should be submitted to the jury.

This leads to the conclusion that the prejudicial error in admitting evidence and in the instructions is such as will require a retrial of the case.

The judgment is reversed and the cause remanded. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.