A. C. AYRES, Trustee, Appellant, v. SIEBEL & Co., Appellees.

Trustees: CAPACITY TO SUE IN FOREIGN STATE: COMITY. The courts of this state will not, as a matter of comity, extend to one, appointed by a foreign court as trustee of a foreign corporation, authority to sue in the courts of this state upon a contract between such corporation and a citizen of this state.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

MONDAY, FEBRUARY 9, 1891.

SINKER, Davis & Co. was a corporation organized under the laws of the state of Indiana. As such it contracted with the defendant firm to furnish certain machinery for a flouring mill at Oskaloosa, in this state, and put the same in operation. The plaintiff, as trustee of such corporation, appointed by the circuit court of Marion county, Indiana, brings this action to recover a balance of twelve hundred dollars on the contract price of forty-eight hundred dollars, to be paid for the materials and work. The issue formed and the proceedings had were such that the appellant states the following as the only question for consideration on this appeal, and it may be so regarded: "Can a foreign trustee or receiver of a corporation, organized under the laws of the state of Indiana, maintain an action in

the courts of this state on a contract entered into between such corporation and a citizen of this state?" The district court, by its rulings, held to a negative view of the question, and from a judgment in accord with that view the plaintiff appeals.—*Affirmed.*

*Bolton & McCoy* and *Seevers & Seevers,* for appellant

*Blanchard & Preston,* for appellees.

GRANGER, J.—This action is brought by a trustee, but the question, as presented, includes the right of a receiver to bring such actions, which of course we are not to determine, and its only effect in the case must be limited to the influence it may have on the real question before us, and we assume that such was the intention in making it a part of the question. The text-writers upon the authority of trustees, executors, administrators and, with some exceptions, receivers, to maintain actions outside of the territorial limits of their appointment, are in substantial accord, and are to the effect that such right does not exist. Perry on Trusts [2 Ed.] sec. 71; 3 Redfield on Wills [3 Ed.] p. 24; Schouler, Ex'rs, sec. 164. The rule thus announced has such support in adjudicated cases that the appellant, in argument, concedes that even as to receivers, as to which the courts have indulged a somewhat more liberal rule, there is no such right, except that "it has been frequently recognized as a matter of comity." As to trustees, executors and administrators, no such recognition has been extended by the courts, so far as we are advised, with the exception that where executors and administrators, by virtue of their office, become seized in their own right of the personal effects of the defendant in possession, if such effects should be carried into, and withheld from the executor in, any other state, an action may be maintained by the executor therefor; and, also, where the title to property in possession becomes perfected under the administration in

one state, any action requisite to vindicate and enforce such title in another state may be maintained without recourse to local administration. To what extent these exceptions may be affected by our statutory provisions we need not now determine.

We meet, then, so far as this question is concerned, an unbroken array of authorities, both elementary and adjudicated, extending through a long course of time, denying the plaintiff the right to maintain this action, except in so far as the rule may be influenced by the fact that in certain cases of receiverships, through a spirit of comity, the courts have extended the rule. It is not, however, to be understood that the exercise of this spirit of comity is such as to make it general. The instances are such that they are exceptional, rather than general. It is very apparent that the courts, in making this exception as to receivers, have been actuated by a belief that especial reasons existed for it in their behalf, when we consider that, as to such officers as the plaintiff, the right has so many times and universally been denied. The reasons for the rule we need not discuss. That it has merit in its general application should not be questioned. While disposed to meet every requirement dictated by the law of comity between the states, which is the ground upon which we are asked to sustain appellant's view of the case, the exercise of such a power, in a judicial way, should be guarded, and have especial reference to the rights of parties, and the rules of law under which they were acquired. These parties have come into their present relationship as to obligations under a universally recognized rule as to remedies, and the means for their enforcement. To change such a rule in so material a particular, and after their rights are fixed, seems to us an unwarranted exercise of judicial power. The legislature, evidently recognizing the prohibitive rule against them, has provided by statute that foreign administrators may be appointed to administer the estate in this state, by proper qualification; but they are not

permitted to do so merely by virtue of their appointment in a foreign jurisdiction. While thus, as to one class of representative persons, the legislature has modified the general rule, upon certain conditions, it has not included therein the class to which the plaintiff belongs. Not designing to attach to that fact undue importance, we are, upon the whole, led to the conclusion that the exercise of comity sought for at our hands may, with more propriety, be left for legislative thought and action.

These views are in harmony with the action of the district court, and its judgment is AFFIRMED.