HORACE A. TAYLOR *vs.* NORTH STAR MUTUAL INSURANCE COMPANY and others.

### May 12, 1891.

**Mutual Fire-Insurance Company—Adjudication of Insolvency—Effect on Policies.**—In a mutual fire-insurance company, organized under Laws 1881, *c.* 91, all the policy-holders are members during the term of insurance.   The capital is made up of cash premiums and premium notes, and the latter are assessable in proportion to the amount of losses sustained.   An adjudication of the insolvency of such an insurance company, and the judicial sequestration of all its property, fixes the date for ascertaining debts and claims against the company, and the effect is to cancel the outstanding policies.

**Same—Losses on Policies after Appointment of Receiver.**—Policies on which losses have not occurred are not debts or fixed liabilities of the company; and losses occurring after the appointment of a receiver to wind up the affairs of an insolvent mutual insurance company cannot be proved and allowed as claims against the company by the receiver.

**Same—Policy-Holders Entitled to Surrender-Value Only.**—All the outstanding policies at the date of the sequestration of its assets must be deemed to stand on the same footing, and the policy-holders are entitled only to the surrender-value of the same.

Appeal by Charles A. Smith and another, partners as C. A. Smith & Co., from an order of the district court for Ramsey county, *Wilkin,* J., presiding, sustaining a demurrer to the complaint filed by them

upon the disallowance, by the receiver of the insurance company, **of** a claim to recover for a loss of $10,000 on property covered by a policy of the company.

Ueland, Shores & Holt, and Ueland & Holt, for appellants.

Harvey Officer, for St. Paul Trust Co., respondent.

VANDERBURGH, J.   The defendant insurance company was duly organized as a mutual fire insurance company in pursuance of Laws 1881, *c*. 91.   On the 8th day of September, 1887, the plaintiff, Taylor, in behalf of himself and other creditors, brought this action, alleging the insolvency of the company, for an injunction restraining the corporation from exercising any of its corporate rights, privileges, or franchises, and from receiving or paying out any moneys, and for the appointment of a receiver to wind up its affairs.   On the 9th day of September the defendant answered, admitting its insolvency, and expressly consenting to such order in the premises as the court might deem just and proper to protect the interests of all persons concerned in the business or affairs of the company; and thereupon, on the same day, an order was made by the court appointing a receiver, and an injunction issued.   The party named as receiver in such order having refused to serve, the St. Paul Trust Company was thereafter, on the 10th day of September, duly appointed such receiver, and subsequently qualified and accepted the trust.   Subsequent to such appointment, and on the evening of the same day, Messrs. C. A. Smith & Co., who held a policy issued by the company, and who have been joined as parties to this proceeding, suffered a loss by fire of the property covered by their policy, and now ask an adjudication of their claim.

Under the act referred to and the policies issued by the company, all the policy-holders became and were members of the company during the period of insurance.   They were therefore bound by the appearance and answer of the company, and the order of the court thereon was equivalent to an adjudication of its insolvency at that date, and placed its affairs and assets in the hands of the receiver, who was invested with the usual powers of receivers in such cases. The result is the business and corporate functions of the company were suspended, and its property and assets had been taken posses-

sion of by the court, to be administered as in the case of an insolvent corporation, before the loss in question occurred. The question here presented is the effect of these proceedings upon outstanding policies.

The affairs of the company were as completely in the hands of the court for settlement as if there had been a formal judgment dissolving the corporation. No issues remained to be determined, and the receiver was obliged to wind up its business under the direction of the court. Each member of the company was liable for losses in proportion to the amount of his premium note, which was the limit of his liability; and the aggregate cash premiums, investments, and interest, with the premium notes, constituted the capital of the corporation. There is no stock or stockholders, and no other fund for the payment of claims. *Mygatt* v. *N. Y. Protection Ins. Co.*, 21 N. Y. 52, 65. The only remedy available for creditors is to reach these assets. But in this instance the association, representing all the members, had ceased to control its assets, and had been put into liquidation before the loss occurred. It exists, and the membership of the policy-holders is continued, solely for the purpose of settling up its affairs. The effect was to terminate all contracts of insurance at the date of the appointment of the receiver! These contracts were not debts or fixed liabilities of the company. In respect to them its liability depended upon the contingency of losses by the assured during the life of the policies; and when losses have not occurred before the adjudication of insolvency, the only liability to the policy-holder is for the breach or cancellation of the contracts by the adjudication of insolvency and consequent suspension of business by the company, and its disability to fulfil its contracts of indemnity, *(People* v. *Security Life Ins. Co.*, 78 N. Y. 114, 125;) and the measure of damages is the surrender value of the policies. *Carr* v. *Union Mut. Fire Ins. Co.*, 33 Mo. App. 291. The loss in this case had not occurred until after the adjudication of insolvency. The policy of the claimants must therefore be determined to stand on the same footing as those of other members of the company not yet matured. *Com.* v. *Mass. Ins. Co.*, 119 Mass. 45; *Mayer* v. *Attorney General*, 32 N. J. Eq. 815, 824.

Order affirmed.