STATE BANK OF OTTUMWA v. E. E. MCELROY, Receiver, Appellant.

**Default:** SETTING ASIDE: *Notice by publication.* It is not an abuse of discretion to overrule an application by the receiver of a non-resident association to set aside its default in attachment proceedings, under Code, 1873, section 2875, providing that a defendant served by publication alone may appear and defend, where its non-resident assignee appointed after the levy, as was also the receiver, had appeared and successfully moved to have the petition made more definite and thereafter made default, no excuse for which is shown by the receiver, who appeared as one of the attorneys for the assignee on such motion, and both the association and the assignee were as competent as the receiver to make the defense attempted by him, that the attaching creditor should not recover the full amount of his claim because the association was insolvent.

*Appeal from Wapello District Court.*—HON. T. M. FEE, Judge.

MONDAY, OCTOBER 10, 1898.

ACTION at law, aided by attachment, to recover of the Granite State Provident Association of Manchester, N. H., the par value of certain shares of fully-paid stock, with inter-est. The association was adjudged to be in default. Its receiver, E. E. McElroy, filed an answer and an application to set aside the default. The application was denied, the answer was stricken from the files, and judgment was ren-dered in favor of the plaintiff, and against the association, for the amount claimed; and certain attached property was subjected to the payment of the judgment. The receiver appeals.—*Affirmed.*

*A. W. Enoch* and *McElroy & Heindel* for appellant.

*W. S. Cohen* and *Jaques & Jaques* for appellee.

ROBINSON, J.—The original notice, directed to the association, was served in May, 1896, by publication. At the next August term of the court, which closed on the tenth day of October, David A. Taggart, as assignee of the associa-tion, appeared in the action, and filed a motion to have the petition made more specific. The motion was sustained, and an amendment to the petition was filed on the nineteenth day of September; but, nothing further having been done, a default was entered against the association on the last day of the August term. On the first day of the next term, which commenced October 26th, McElroy, as receiver, filed his answer, in which he asked for permission to defend for the association, and also filed his application to set aside its default. In January, 1897, exceptions to the application were filed, and a motion to strike the answer, with the result stated.

I.   The appellant complains of the refusal of the court to set aside the default of the association, and relies upon section 2875 of the Code of 1873, which is as follows: "A defendant served by publication alone, shall be allowed at any time before judgment to appear and defend the action, and upon a substantial defense being declared, time may be given on reasonable terms to prepare for trial." The answer filed by the receiver alleges that the association is insolvent, and that in March, 1896, the supreme court of New Hampshire adjudged it to be insolvent, and placed it in the hands of Taggart as assignee, who is now collecting the assets and determining the liabilities of the association; that not more than fifty per cent. of the par value of the stock, if so much, will be realized for the stockholders; and that Taggart is a resident of New Hampshire, and never qualified as, and is not, assignee in this state.   It is said that his appearance in this action was therefore without effect, and that, as the association was served by publication only, and had not entered an appearance, and judgment had not been entered when the appellant appeared and applied to have the default set aside, it was his right to defend for the association.   The receiver of the property of a party to litigation is not a necessary party to such litigation if no attempt is made thereby to interfere with the right of the receiver to the property intrusted to his care.   *Weigen v. Insurance Co.,* 104 Iowa, 410; *Allen v. Railroad Co.,* 42 Iowa, 683.   In this case the plaintiff seeks to subject the attached property of the association to the payment of its claim.   The action was commenced, and the attachment was issued and levied, on the ninth day of March, 1896.   The answer filed by the receiver alleges that the association was by the supreme court of New Hampshire adjudged to be insolvent, and placed in the hands of Taggart, as assignee, "in March, 1896." The pleadings in this case do not show the day of the month named when that was done, but it appears to be admitted that it was on the sixteenth, or after the attachment in this case had been issued

and levied.   It is not shown what powers were conferred upon the assignee, and we will not presume that any attempt was made to give him the right of possession of the attached property, as against the plaintiff.   By its prior attachment, the plaintiff had obtained a right to the property paramount to that of the assignee, which the courts will protect.   That would have been true had the assignment been voluntary. See *Franzen v. Hutchinson,* 94 Iowa, 95.   And involuntary assignments, like that in question, have less extra territorial effect.   *Kelly v. Crapo,* 45 N. Y. 86; *Hutcheson v. Peshine,* 16 N. J. Eq. 167; 3 Am. & Eng. Enc. Law (2d ed.), 6, and notes.

It is urged that, as Taggart had not qualified as assignee in this state, he had no authority to appear for the association. It is clear that his appointment as assignee by the supreme court of New Hampshire, even if the duties of his office were those of a receiver under the laws of this state, did not alone give him the absolute right to appear for the association in the courts of this state.   *Parker v. Lamb,* 99 Iowa, 265; *Ayres v. Siebel,* 82 Iowa, 347; High Receivers, section 239 *et seq.* We cannot say, however, that his appearance was wholly unauthorized.   But, while the right of a receiver to appear in an action brought outside the state in which he was appointed is generally denied, yet he is frequently permitted to do so as a matter of comity.   High Receivers, section 241; Beach Receivers (Alderson's ed.), 269.   That this has been practiced was recognized in *Parker v. Lamb* and *Ayres v. Siebel, supra.*

In this case, Taggart appeared, and asked the court to permit him to defend, and moved that the plaintiff be required to make its petition more specific in certain particulars.   No objection to his being permitted to defend was made; and, although the court did not give him permission to do so in express terms, yet it did so impliedly by not denying the permission, and by sustaining, in part, his motion.   The association was, therefore, as fully represented in fact as it would

have been had the appellant been permitted to defend. The application of the appellant does not in any manner attempt to excuse the default of Taggart, and is entitled to no greater consideration than it would have been had it been made by him. It must not be forgotten that a receiver does not have an unqualified right to appear and defend in an action to which he has not been made a party. He is subject to the control of the court. Code 1873, section 2905. In Beach Receivers, 758, it is said: "A receiver is a stranger to all proceedings which he finds in progress at the time of his appointment, until he is regularly brought into court. He cannot interfere in a pending suit, as by giving notice of a motion, or conducting an appeal in his own name, unless he has been made a party to the action by order of the court. Whether a receiver shall be permitted to defend an action already pending against his principal is wholly discretionary with the court." See, also, *Tracy v. Bank*, 37 N. Y. 523; *Patrick v. Eells*, 30 Kan. 680 (2 Pac. Rep. 116); 20 Am. & Eng. Enc. Law, 253. We cannot say that an abuse of the discretion lodged in the district court has been shown in this case. Taggart was represented in it by the same attorneys who appeared for the appellant. If there was any excuse for Taggart's default, they must have been advised in regard to it, but they fail to show what it was. The default was entered on the tenth day of October, 1896; and, five days later, the appellant, who is, we understand, one of the attorneys who appeared for Taggart, was appointed, by the court in which the action was pending, receiver of the association. The defense which he asked to make was, in substance, that the plaintiff should not be permitted to recover the full amount for which his contract with the association provides, because, of the insolvency of the latter. As we have seen, the association had been made a party to the action, and, so far as the facts appear, was competent to make the defense attempted by the appellant; and the same is true of Taggart. Under these circumstances, we cannot say that the district court

erred in refusing to set aside the default, and in refusing to permit the appellant to defend, and its judgment is there-fore AFFIRMED.