GEORGE W. BOWEN v. PORT HURON ENGINE & THRESHER COMPANY, Appellant.

**Garnishment:** JUDGMENT AGAINST GARNISHEE. The legal effect of a garnishment judgment is to sequester or set aside the property or

money belonging to defendant, in the hands of the garnishee, to the payment of plaintiff's judgment.

IS PRIMA FACIE A PRO TANT ) SATISFACTION? A garnishment judgment is *prima fucie* a satisfaction or *pro tanto* satisfaction of plaintiff's judgment against the principal defendant.

SAME. Where the garnishee, at the time plaintiff took his garnishment judgment, was solvent, defendant, on paying the difference between the amount of the judgment against the garnishee and the judgment in the main action, is entitled to have the main judgment canceled.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, OCTOBER 12, 1899.

THIS is an application on the part of the defendant to discharge a judgment. The relief prayed was denied, and defendant appeals..—*Reversed.*

*Jamison & Smith* for appellant.

*George W. Bowen in pro. per.*

DEEMER, J.—Some time prior to January 13, 1892, plaintiff commenced an action against the defendant. The action was aided by attachment, and several garnishments were effected under the writ. A trial of the main action was had, resulting in a judgment for plaintiff, and at the same time a judgment was taken against one of the garnishees for the larger part of the debt. Thereafter defendant paid into court the difference between the amount of the judgment against the garnishee and the judgment in the main action, and then filed a motion asking for its discharge, claiming that the judgment against it had been fully satisfied, and should be canceled of record. It also claims that the garnishee was solvent when the judgment was rendered against him, and insolvent when defendant made its motion, and that, had plaintiff exercised diligence, he might have collected the judgment against the garnishee.

There is no evidence to support the claim that the garnishee
is now insolvent.   Indeed, it conclusively appears that he
has ample property subject to execution to satisfy the
judgment against him.   The controlling question is,
what effect shall be given the judgment against the
garnishee? An attachment is auxiliary to the action in which
it issues; and garnishment is a mode of attachment.   As a
general rule, no lien is created on the property in the hands
of the garnishee, although it partakes of the nature of a
proceeding *in rem. Woodward v. Adams*, 9 Iowa, 474; *Mooar
v. Walker,* 46 Iowa, 164; *Gilmore v. Cohn,* 102 Iowa, 254.
Some of the cases seem to hold that it is a mode of attach-
ment, differing in no essential particular from an attach-
ment by levy and seizure, except in the mode of enforcement.
We have never gone to the extent of holding that it creates
a specific lien upon  the property or money in the hands of
the garnishee, but have said, in effect, that it gives the plain-
tiff a specific right, over and above that of a mere general
creditor to, the indebtedness or property, for the payment of
his claim. *Citizens' State Bank v. Council Bluffs Fuel Co.,* 89
Iowa, 618. After due notice to the principal defendant, the
plaintiff may have judgment against the garnishee. Code, sec-
tion 3946. And the statutes provide that the judgment in the
garnishment action condemning the property or debt in the
hands of the garnishee to the satisfaction of the plaintiff's
demand is conclusive between the garnishee and the defend-
ant.   In *Stadler v. Parmlee,* 14 Iowa, 175, it is said: "The
legal effect of a judgment against a garnishee upon his
answer, condemning the property or debt in his hands, is to
satisfy, to the extent thereof, the indebtedness between the
garnishee and the principal debtor."   See, also, *Peck* v.
*Parchen,* 52 Iowa, 46, wherein it is held that garnishment
under a foreign judgment was a *pro tanto* defense to an
action brought by the original creditor against his debtor.
These cases hold that, after judgment against the garnishee,
the judgment defendant is barred of his right of action
VOL. 109 Ia—17

against the garnishee and, so long as the parties remain in that situation, there is no method by which he can enforce his claim against him. The legal effect of the garnishment judgment is to sequester or set aside the property or money in the hands of the garnishee to the payment of plaintiff's judgment. From the time of the service of notice the garnishee is liable to plaintiff for the value of all of defendant's property in his hands subject to execution, and to the amount of all debts owing by him to defendant at time of service. *Kesler v. St. John,* 22 Iowa, 565; *Hughes v. Monty,* 24 Iowa, 499; *First National Bank v. Davenport & St. P. R. R. Co.,* 45 Iowa, 126; *Buck-Reiner Co. v. Beatty,* 82 Iowa, 353. Again, a garnishment proceeding is, in effect, a suit by the defendant against his debtor, by which plaintiff is subrogated to the rights of the original creditor. *Huntington v. Risdon,* 43 Iowa, 517. The effect of the garnishment, as we have seen, is to deprive the defendant of his property or money, and when it proceeds to judgment it should, at least, be held a *prima facie* satisfaction; or, if the amount of the judgment against the garnishee is not as much as the judgment against the principal defendant, a *prima facie pro tanto* satisfaction of the principal judgment. This is the rule applied to the levy of executions on chattels. *Lucas v. Cassaday* 2 G. Greene, 208; *Reed v. Crosthwait,* 6 Iowa, 219; *McWilliams v. Myers,* 10 Iowa, 325; *Bank v. Rogers,* 13 Minn. 407 (Gil. 376); and the many cases cited in 2 Am. & Eng. Enc. Law (2d ed.) 703. And we see no reason why it should not obtain in garnishment proceedings. In *Peck v. Parchen, supra,* it is said that while proceedings for the satisfaction of a judgment are going on, and property sufficient to satisfy it is held under execution, the judgment cannot be sued on. While none of the cases cited are directly in point, the case at bar seems to call for the application of like rules. There can be no doubt, we think, that the garnishment judgment is *prima facie* a satisfaction, or *pro tanto*

satisfaction, of plaintiff's claim.   Of course, plaintiff may show, if he can, that the defendant in garnishment is not responsible, or that he (plaintiff) obtained no valuable right in virtue of his garnishment, or that he has released the judgment against the garnishee to the defendant in judgment, with his (defendant's) consent. See *Howard v. Bennett,* 72, Ill, 297; *Bank v. Rogers,* 15 Minn. 381 (Gil. 305); *Duncan v. Harris,* 17 Serg. & R. 436.   But this rule, as to release, does not apply if the attempted abandonment of the proceedings was without defendant's consent, if there was no necessity for the abandonment.   *Young v. Read,* 3 Yerg. 297; *McIver v. Ballard,* 96 Ind. 76; *Trapnall v. Richardson,* 13 Ark. 543.

It is clear that the case ought to be governed by these rules.   Plaintiff took his judgment against the garnishee, who, so far as the record shows, is perfectly solvent.   By so doing, he, in effect, levied on sufficient property of the defendant—after the defendant had paid the balance—to satisfy his (plaintiff's) judgment.   He offers no excuse for not levying execution and collecting his claim.   Defendant has been prevented from collecting from his debtor, and could take no steps against him to enforce his demand.   He was powerless to protect himself by direct action against the garnishee, and was subject to his financial vicissitudes.   It will not do to say that he might have paid the main judgment in full, and then proceeded against his debtor.   That any execution defendant may do to relieve property which is being jeopardized while in the hands of an officer on execution, but he is not obliged to take that course.   He may not be able to pay the amount, and trust to success against the garnishee.   No such burden should be placed upon him.

It is true that plaintiff, at the time of the hearing on the motion, tendered the judgment he held against the garnishee to the defendant, but he did not offer to assign it, nor did he do anything until long after defendant had paid the bal-

ance of the main judgment. As we have seen, defendant was not obliged to accept this tender.

Plaintiff should have. been diligent in the collection of his judgment against the garnishee; and, if there be any doubts of its collectibility, he, and not the defendant, should suffer the results of delay. *Coburn v. Currens,* 1 Bush, 242, and *Norris v. Hall,* 18 Me. 332, lend support to these conclusions. The motion should have been sustained, and the judgment is REVERSED.