MAX SHLOSS, Appellee, v. METROPOLITAN SURETY CO., JOHN F. YAWGER, Receiver, Appellant.

**Insurance:** TEMPORARY RECEIVERSHIP: RIGHTS OF POLICY HOLDERS. The
1    pendency of a temporary receivership of a foreign insurance com-

pany issuing term policies for a stated advance premium, based upon insolvency of the corporation, does not terminate its policies, but the same remain in force until the fact of insolvency is established and dissolution decreed. Nor will a decree of dissolution relate back to the time of the receiver's appointment. But a policy holder sustaining loss subsequent to the appointment of a temporary receiver and before final decree of dissolution may recover on the policy.

**Same:** FOREIGN INSURANCE COMPANIES: INSOLVENCY: RIGHTS OF RESIDENT CLAIMANTS. The claim of a foreign receiver of a foreign insurance company to property of the insurance company situated in this state, whose authority under the law of the foreign state is to collect the debts, preserve the property and distribute the assets among creditors of the corporation, will not be recognized by the courts of this state as against the valid claim of a resident attaching creditor.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, NOVEMBER 21, 1910.

ACTION to recover on a policy of insurance against loss by burglary. A demurrer to defendant's answer being sustained, and defendant electing to stand upon his pleading, judgment was rendered for plaintiff, and defendant appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*Oscar Strauss,* for appellee.

McCLAIN, J.—The defenses relied on in the answer and held insufficient on demurrer were: First, that the contract of insurance sued on had been terminated by an adjudication of insolvency in a suit brought by the Attorney General of New York in a court of that state in which the company was a corporation; and, second, that as against plaintiff the defendant, appointed receiver of the company

under the provisions of the statutes of New York, is entitled to the possession of the assets of the company found in this state, and plaintiff should have prosecuted his claim, if any he had, in the receivership proceedings in New York to wind up the affairs of the company.

I.    It is alleged in the answer that on the 6th day of January, 1909, defendant was appointed temporary receiver of the company by a New York court in a suit instituted by the Attorney General, and the company was enjoined from exercising any of its corporate functions, powers, rights, or privileges, and from collecting or receiving any debt or demand or paying out any money, and that in said suit a final decree was entered on the 30th of the same month making the receivership permanent and the injunction perpetual and dissolving the corporation.    The loss for which plaintiff sought recovery occurred in Iowa between these two dates.

1. Insurance: temporary receivership: rights of policy holders.

It may be conceded that, on the decree of final dissolution in a receivership proceeding, the executory contracts of an insurance company are terminated, and that a policy holder is entitled to recover only what is due to him for breach of contract or by way of return of reserve value or premiums unearned, and that he can not maintain a claim in the receivership proceeding for the amount provided in the policy to be paid in the event of loss on account of a loss suffered subsequently to the date of such final decree of dissolution.    *People v. Commercial Alliance L. Ins. Co.,* 154 N. Y. 95 (47 N. E. 968); *Commonwealth v. American L. Ins. Co.,* 162 Pa. 586 (29 Atl. 660, 42 Am. St. Rep. 844); *Taylor v. North Star Mut. Ins. Co.,* 46 Minn. 198 (48 N. W. 772).    This conclusion is based on the proposition that by the decree of dissolution the company is rendered incapable of carrying out its contracts, its business is brought to an end, and the policyholders become creditors to an amount equal to the equitable value

of their respective policies and entitled to participate *pro rata* in its assets; and a settlement of the company's affairs can not be postponed to await a determination of the contingencies on which its policy engagements are dependent. *Carr v. Hamilton,* 129 U. S. 252 (9 Sup. Ct. 295, 32 L. Ed. 669); *Dean's Appeal,* 98 Pa. 102.

It may well be that, in the case of as assessment company, the appointment of a temporary receiver and the granting of a temporary injunction against the officers of the company restraining them from collecting the assessments out of which losses are by the terms of the contract to be paid also terminates the right of a member to participate in the distribution of the company's funds on account of a loss occurring pending the temporary receivership. *People v. Equitable Reserve Funds L. Ass'n,* 131 N. Y. 354 (30 N. E. 114); *People v. Life & Reserve Ass'n,* 150 N. Y. 94 (45 N. E. 8); *Commonwealth v. Massachusetts Mut. F. Ins. Co.,* 119 Mass. 46. But it by no means follows in principle or on authority that, pending a temporary receivership for the company in which dissolution is asked on the ground of insolvency, its ordinary policies of insurance are terminated, and the policyholders are relegated to the position of creditors entitled only to a return of the reserve value of their policies or of unearned premiums. The very purpose of the proceeding being to ascertain whether the company is insolvent and should be dissolved, it would seem to be clear that, until the fact is ascertained and the dissolution decreed, the policies continue in force. "The appointment of a temporary reciver *pendente lite* does not dissolve a corporation nor restrain the exercise of its corporate powers. His functions are related to the care and preservation of the property committed to his charge." *Sigua Iron Co. v. Brown,* 171 N. Y. 488 (64 N. E. 194). It would be most unreasonable to hold that policyholders could be compelled to carry the risk of the result of such proceeding during its pendency and of

any loss happening while it continued, except for the reserve value of their policies, although ultimately the company might be found to be solvent and its contract of continuing validity. The situation of a policyholder who has paid the premium for a term of insurance is very different from that of a member of a mutual assessment association which by a temporary receivership and an order restraining it from collecting assessments is *ipso facto* incapacitated from continuing the contemplated relation between itself and its members.

It would also be manifestly unjust to hold that as to a loss occurring pending a temporary receivership, and for which if the receivership should be subsequently terminated without an adjudication of dissolution the policyholder would be entitled to claim the full amount of the loss, a subsequent decree of dissolution should relate back to the appointment of the temporary receiver, so as to relegate the policyholder who has suffered such loss to the position of a creditor entitled only to a right to reserve value or unearned premium. We discover no reason for giving a final decree of dissolution any such retroactive effect. No doubt such a decree might relate back to the appointment of the receiver so far as it affected the disposition of the funds coming into his hands; but in the case before us the receiver had had nothing whatever to do with this plaintiff nor with the funds of the company in this state out of which he seeks to have his loss satisfied. In support of the contention that the decree relates back to the appointment of the temporary receiver, counsel rely upon *Mayer v. Attorney General,* 32 N. J. Eq. 815, and *Doane v. Millville Mut. M. & F. Ins. Co.,* 43 N. J. Eq. 522 (11 Atl. 739). But these were cases relating to mutual assessment companies, and, for reasons already indicated, are not in point. In the case before us the policy was for a fixed term and the premium had been paid in advance.

We reach the conclusion, therefore, that plaintiff was

entitled to recover for the alleged loss under his policy, although such loss occurred pending a temporary receivership for the defendant company.

II.    The contention that plaintiff, on account of the receivership proceeding and decree of dissolution therein instituted and entered in the state of New York, was bound to present his claim in the proper court of New York, and could not maintain his action thereon in this state, although funds of the company were available in this state out of which the claim might be paid if established, is equally without merit.    The well-settled rule in this state is that the claim of a foreign receiver to funds of the corporation found in this state will not be recognized even by way of comity if the result would be to relegate the creditors of the corporation in this state to the relief to which they would be entitled in a foreign jurisdiction, when there are funds of the corporation in the state from which such claims may be satisfied.    *Ayers v. Siebel,* 82 Iowa, 347; *Parker v. Lamb,* 99 Iowa, 265; *State Bank v. McElroy,* 106 Iowa, 258; *Nebraska F. Ins. Co. v. Eaton,* 107 Iowa, 214.    And this is the recognized rule in New York and in the United States courts. *Howarth v. Angle,* 162 N. Y. 179 (56 N. E. 489, 47. L. R. A. 725); *Barth v. Backus,* 140 N. Y. 236 (35 N. E. 425, 23 L. R. A. 47, 37 Am. St. Rep. 545); *Booth v. Clark,* 17 How. 322 (15 L. Ed. 164); *Hale v. Allinson,* 188 U. S. 56 (23 Sup. Ct. 244, 47 L. Ed. 380); *Great Western Min., etc., Co. v. Harris,* 198 U. S. 561 (25 Sup. Ct. 770, 49 L. Ed. 1163).

Counsel for appellant relies, however, upon the case of *Relfe v. Rundle,* 103 U. S. 222 (26 L. Ed. 337), in which it was held that the superintendent of insurance under the statutory provisions in the state of the company's incorporation became the representative of the life insurance companies on their dissolution by decree of the court in

2. SAME: foreign insurance companies: insolvency: rights of resident claimants.

such state and vested with the entire right to their property for the benefit of their creditors and policyholders, and was entitled to represent such dissolved companies in litigation in another state, and as such representative might apply for removal of such litigation in a proper case to the federal courts. On this case, and other cases expressly following it, counsel seek to define some peculiar kind of receivership which shall not be subject to the rule of the courts of this state that a foreign receiver can not claim the funds of the company as against local creditors. We do not discover that any of the cases relied upon support such a definition. The rights of the creditors in this state to attach the funds of a foreign insolvent corporation for the purpose of enforcing payment notwithstanding the receivership in the state of the corporation's home is not a matter of procedure, but one of substantive law, and we fail to see how any statute in New York could authorize such receivership as would exempt the receiver from the limitations imposed on his power by the rules of law recognized in this state. The case of *Relfe v. Rundle,* just cited, has no direct application in the case before us, for here the foreign receiver is allowed to represent the company without objection, and the sole question is whether he can take the company's assets out of the jurisdiction of this state without liability here for its local debts. In the cases of *Fry v. Charter Oak L. Ins. Co.* (C. C.) 31 Fed. 197, and *Parsons v. Charter Oak Ins. Co.,* (C. C.) 31 Fed. 305, the doctrine of *Relfe v. Rundle* was applied to the distribution of assets of a mutual life insurance company among its members, whose rights it was held were determined by the charter of the company. Without acceding to the soundness of the reasoning employed in deciding that case, it is sufficient to say that the case before us is not analogous, for plaintiff's rights as against this defendant company were determined by contract, and contract alone, and those substantive rights are not to be af-

fected, as we think, by statutory provisions of New York with reference to the method in which the company may be wound up. In *Bernheimer v. Converse,* 206 U. S. 516 (27 Sup. Ct. 755, 51 L. Ed. 1163), the question was not as to the right of the receiver to the funds of the company as against creditors, but it was as to the right to enforce a stockholder's liability by suit in another state, and the case is therefore not in point for present purposes. In *Bockover v. Life Ass'n,* 77 Va. 85, the rule announced in *Relfe v. Rundle* is applied to defeat an attachment proceeding by a creditor of the company in another state analogous to that resorted to in the case before us; but we are not inclined to approve of such an application, nor do we think that it is justified by the cases relied upon.

It must be borne in mind that the receiver here defending is simply a receiver of an insolvent company who is by the corporation laws of New York authorized to collect the debts, preserve the property, and distribute the assets of the company among its creditors, and we fail to see how any receiver thus provided for can in this state, as against the established rule of our law, take the company's assets found in this state and seized for the plaintiff in an attachment proceeding out of our state without satisfying the valid claim of the attaching creditor, and compel him to resort to the courts of New York for the purpose of securing payment of such claim.

The judgment of the lower court is therefore *affirmed.*