FRED L. MILLER ET AL., APPELLEES, V. AMERICAN COOPERATIVE ASSOCIATION, APPELLANT.

FILED SEPTEMBER 22, 1923. No. 22477.

**Receivers:** ATTACHMENT. The appointment of a receiver of a foreign corporation by a court of the state of its domicile does not thereby bring the property of the corporation situated in this state *in custodia legis* until the receiver has reduced the property in this state to actual

possession, and does not defeat or destroy the lien of attaching creditors acquired after the appointment of such receiver.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*E. D. Crites* and *F. A. Crites,* for appellant.

*J. E. Porter, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY, JJ., COLBY and REDICK, District Judges.

DAY, J.

On February 9, 1921, the plaintiffs commenced this action against the American Cooperative Association to recover judgment for a sum of money which the plaintiffs had theretofore been required to pay as indorsers upon a promissory note executed by the defendant. The action was aided by an attachment upon defendant's property, issued upon the ground that the defendant was a foreign corporation. On March 30, 1921, defendant's motion to dissolve the attachment was overruled. The trial upon the general issues resulted in a judgment in favor of the plaintiffs for $1,616.42, and an order was made directing the sale of the attached property to satisfy the judgment. Defendant appeals.

The principal error relied upon by the defendant is the overruling of its motion to dissolve the attachment.

The defendant is a Wisconsin corporation, transacting business, as indicated by its name, upon the cooperative plan. The defendant's central supply house was located in Wisconsin. It also maintained branch mercantile establishments in other communities where there was sufficient membership to justify so doing. One of these branch establishments was located at Crawford, Nebraska, and was under the local management of the plaintiffs.

In the conduct of the local business at Chadron, the association borrowed a sum of money from a local bank,

giving its note therefor. The note was indorsed by the plaintiffs, and later paid by them.

Prior to the issuance of the attachment, a receiver had been duly appointed by a court of competent jurisdiction in the state of Wisconsin, the domicile of the defendant, with the usual powers and duties of receivers, the order reciting that the stock, property and effects of the defendant "are hereby sequestered,   *   *   * wheresoever situated." The defendant being a foreign corporation, there is no doubt that the statutory grounds for the issuance of an attachment existed.

But it is urged by the defendant that its property was not the subject of seizure by attachment, because at the time of the levy the property was *in custodia legis*. It appears, however, that prior to the attachment no steps had been taken by the receiver to acquire possession of defendant's property situated in this state. The precise question is then presented, whether the property of the defendant in this state was *in custodia legis* so as to exempt it from the process of attachment issued by the courts of this state upon the application of a local creditor of the defendant.

It is familiar law that the powers which are exercised by the courts are limited, and cannot ordinarily be exercised beyond the territorial jurisdiction of the court issuing the order. This restriction upon judicial authority has given rise to the consideration by the courts in numerous cases involving the rights of receivers appointed in a foreign state over the property of the insolvent debtor situated in other states. The weight of authority upon the precise question before us seems to support the view that the appointment of a receiver of a foreign corporation by a court of the state of its domicile does not thereby bring the property of the corporation situated in another state *in custodia legis* until the receiver has reduced such property to actual possession, and does not defeat or destroy the lien of attaching creditors

in the other state acquired after the appointment of such receiver. This rule is founded upon the well-settled principle that a receiver possesses no power or authority beyond the jurisdiction of the court appointing him. There has been some relaxation of this rule by modern decisions, so as to permit a receiver on the principle of comity to exercise in another state the functions vested in him by his appointment but, this is permitted only where it will not violate public policy or infringe upon or defeat the rights of domestic creditors. A few of the many authorities supporting this view are: *Frowert v. Blank,* 205 Pa. St. 299; *Catlin v. Wilcox Silver Plate Co.,* 123 Ind. 477; *Lichtenstein Bros. & Co. v. Gillett Bros.,* 37 La. Ann. 522. Defendant cites *Veith v. Ress,* 60 Neb. 52. In that case, however, the receiver was in possession of the property. *Ogden v. Warren,* 36 Neb. 715, is also cited, but we do not consider it an authority sustaining the point at issue.

The plaintiffs also urge that, the defendant being in the hands of a receiver, the latter has no standing in court to urge the dissolution of the attachment. In the view we have taken of the case, however, it seems unnecessary to discuss this question.

From what has been said, it follows that the judgment of the trial court is right, and it is, therefore,

AFFIRMED.