MRS. ALF. KINART, Appellee, v. H. L. CHURCHILL, Defendant, et al., Appellants.

No. 40172.

April 14, 1930.

*Cross & Hamill,* for appellants.

*Henry Silwold* and *George C. Kipp,* for appellee.

EVANS, J.—I. The judgment creditor referred to in the foregoing statement is the plaintiff, the judgment debtor is the defendant H. L. Churchill, the garnishee is L. M. Churchill, and the mortgagee is the State Bank of Prairie City.

No controversy is presented as to the liability of the garnishee for the full amount of plaintiff's claim. His indebtedness to the judgment debtor was admitted in his "answer by gar-

 nishee,'' taken by the sheriff, and again admitted by him in his pleading filed in this proceeding. Nor has the judgment debtor offered any defense in this proceeding. Defense was made by the State Bank of Prairie City and by the garnishee in its behalf, who was the maker of the chattel mortgage held by such bank.

The plaintiff obtained a judgment in the district court of Jasper County against defendant H. L. Churchill in September, 1928, for $725. Execution was issued thereunder on January 7, 1929, and garnishment thereunder was served upon L. M. Churchill on the same day. Due notice was served on the judgment debtor on the following day. On January 31, 1929, the judgment debtor executed in writing a so-called subordination agreement, and delivered the same to the chattel mortgagee, whereby he purported to subordinate his landlord's lien to the lien of such mortgage. On February 1st the petition in this proceeding was filed and served.

The real ultimate question involved in this controversy is whether such agreement was effective as against this judgment creditor. The argument for the appellants is that the garnishment operated only upon the personal liability of the garnishee; that the judgment creditor thereby became entitled to a personal judgment against the garnishee for the amount of her judgment; and that such right to judgment was conceded to her in the pleadings in this proceeding. The appellants argue the case on the theory that it is governed by the provisions of Sections 11815, 11816, and 11817, Code, 1927. These sections provide proceedings in equity auxiliary to execution. Under Section 11817 it is provided that the lien, if any, to be acquired therein shall attach as of the date of the serving of the petition. It is argued, therefore, that the subordination agreement signed January 31, 1920, would take precedence over the proceeding instituted on February 1st. The appellee disclaims to seek relief under the provisions of said sections. She claims to have instituted this proceeding, not for the creation of a lien, but for the protection and enforcement of one already existing to her by reason of her garnishment. The argument for her is that, by her garnishment and the answer of the garnishee, she stepped into the shoes of her judgment debtor, and stood before

the garnishee as his landlord, and as a constructive assignee of her debtor's cause of action for rent against the garnishee; and that the landlord's lien was an incident of the chose in action thus seized by her.

The appellants cite for our consideration a number of cases wherein we have held that a mere garnishment does not create a lien upon property in the hands of the garnishee, but only a personal liability, as against such garnishee. The cases so holding belong to that class where the garnishee is a mere agent or bailee of the judgment debtor's, and in possession of his property. In such a case, property may be discovered and uncovered by examination of the garnishee, but the lien is to be acquired by subsequent orders of the court. The procedure applicable in such a case has no application to a case where the garnishee is an admitted debtor of the judgment debtor's. In such a case, no discovery or surrender of property is involved. The service of such garnishment is a constructive seizure of the judgment debtor's chose in action against the garnishee, and the garnishee is so notified. True, the statute contemplates a subsequent judgment of condemnation, and requires the clerk of the district court to docket an action, without fee, for the purpose of final adjudication, and such adjudication is made conclusive upon the judgment debtor. Code Sections 11679, 12174. The force and effect of the garnishment are not postponed, however, to the later date of the judgment. On the contrary, the judgment relates back to the day of the garnishment, and confirms the seizure as of such date. It is true, therefore, that, though the garnishment be tentative in the first instance, and be subject to future defense by the judgment debtor, as well as by the garnishee, yet the present effect of the garnishment is not lost unless it be defeated in such future judicial proceeding. In this case, the garnishment was fully sustained by the final adjudication. To sustain the garnishment and yet to defeat its effective operation until the final adjudication was had, would be to defeat it entirely, for all practical purposes. We hold, therefore, that the final adjudication rendered the garnishment effective from the date of its service. This being so, the shoes of the judgment debtor were, at all times pending the procedure, in the occupancy of the judgment creditor. For the purpose of collecting his judgment, he became the construc-

tive assignee of his debtor's cause of action against the renter. The garnishment was effective instanter to suspend the power of the judgment debtor over the chose in action previously held by him against his renter, except as to such excess as might remain over the amount due the judgment creditor. If his power to demand or collect was lost, we can conceive of no reason why he should be deemed to still hold the security incident to the debt. It is well settled in our cases that the assignment of a claim carries with the claim all the security held by the assignor for the collection thereof. *State Bank v. Brown,* 142 Iowa 190; *Bills v. Mason,* 42 Iowa 329. We applied this rule to a landlord's lien in *Farmers Gr. & Merc. Co. v. Benson,* 195 Iowa 695; *Everett v. Central Iowa R. Co.,* 73 Iowa 442; *Citizens' Nat. Bank v. Loomis,* 100 Iowa 266. We have also held that a valid garnishment is the equivalent of a constructive assignment of the debt owed by the garnishee. *Gilmore & Ruhl v. Cohn,* 102 Iowa 254. In *Schooley v. Efnor,* 202 Iowa 141, we held that declarations made by a judgment debtor after service of the garnishment are not admissible against the judgment creditor and in favor of the garnishee. In short, we have given to a garnishing creditor the status of an equitable or constructive assignee, subject to be defeated only by judgment in the subsequent procedure. This holding is in accord with the great weight of authority from other jurisdictions. For a collection of authorities from such jurisdictions, reference may be had to 5 Corpus Juris 948–961; 28 Corpus Juris 243–251.

II. The appellant challenges the sufficiency of the proof to sustain a creditor's bill, in that the plaintiff wholly failed to prove the insolvency of her debtor. There was evidence tend-ing to prove insolvency. Indeed, all the circumstances of the case, as they appear in evidence, were suggestive thereof, and quite inconsistent with any theory of solvency. But we have no occasion to pass upon that question of fact. The petition of the plaintiff did not constitute a creditor's bill, in the ordinary sense. It is true that she denominated it a petition in equity. It is true, also, that she moved in the lower court for a transfer of the case from the law side to the equity side of the docket. This motion was not ruled on. The statute expressly provides that, after garnishment on execution, the clerk shall docket an action

without fee. This is for the evident purpose of adjudicating all controversies which may arise out of the garnishment. Such was the controversy litigated under this petition. Whether this proceeding should be deemed supplementary to the original action or whether it should be deemed an independent action, and if so, whether it should be brought on the law side or on the equity side, we get no light from the statute. For the purpose of this case, it is enough that the plaintiff was entitled, under the statute, to docket an action and to have adjudicated therein all disputes arising out of the garnishment. If her action was docketed on the wrong side of the docket, no objection was raised thereto by the appellants. Such question of procedure may not be initiated in this court on appeal. She was entitled to ask judgment confirming the rights acquired by her under her garnishment. This she obtained, and nothing more.

III. It is argued by the appellants that, if the plaintiff has any right to maintain her proceeding subsequent to the garnishment, it was pursuant to Sections 11815 to 11817, and  not otherwise. Under the provisions of the last-named section, whatever lien may be established in the proceeding is related back to the day of the serving of the petition. It is therefore urged that the appellant bank took priority over the plaintiff, under the "subordination agreement" of January 31st. Appellants have some room to claim that the appellee, in filing her petition in equity, was intending to avail herself of the provisions of the sections noted. It is true that her petition made a reference in terms to Section 11816. It is true, nevertheless, that her petition did not seek any remedy available to her under said sections. If she was entitled to a landlord's lien, she already had it, by virtue of her garnishment. She asserted such right, and asked for its protection. Such right being challenged by the appellant bank, she made the bank a party defendant. The controversy between her and the bank was justiciable, and was germane to the statutory procedure following the garnishment under execution. The court did not purport to establish any lien, but it did hold that the plaintiff already had one, and it did adjudicate in her favor that she was entitled to enforce her landlord's lien by the statutory method. Inasmuch as we hold that the plaintiff did acquire such a lien

as an incident of her constructive assignment under the garnishment, we need not inquire here into the regularity of the procedure in the district court whereby such adjudication was had.

The decree of the district court is—*Affirmed.*

MORLING, C. J., and FAVILLE, DE GRAFF, and KINDIG, JJ., concur.