CLARENCE V. WATTS, Appellee, v. SOUTHERN SURETY COMPANY of New York, Defendant; E. W. CLARK, Receiver, Intervenor-appellant.

No. 41633.

·MAY 9, 1933.

Parrish, Cohen, Guthrie & Watters, for appellant.

D. Cole McMartin, for appellee.

KINTZINGER, J.—In 1928 the Southern Surety Company of Iowa sold to plaintiff certain Oklahoma improvement bonds, with a re-purchasing agreement. In 1929 the Southern Surety Company of Iowa was taken over by the defendant, the Southern Surety Company of New York, which, in lieu of the repurchasing agreement of the Iowa corporation, executed a similar agreement to repurchase the bonds at their face value on October 15, 1931. It failed to carry out its agreement and this action was brought to recover $2,700 thereon on February 18, 1932. Under the writ of attachment issued on the same date plaintiff duly served notice of garnishment upon the Iowa Des Moines National Bank & Trust Company, the Central National Bank & Trust Company of Des Moines, and others.

The garnishees answered admitting an aggregate indebtedness of about $3,000 due the defendant herein; but both asserted they had been previously garnished in another action on a claim of $1,000.

E. W. Clark, intervener, was on the 23d day of March, 1932, appointed receiver of the defendant company in this state, in an action commenced by the Attorney-general of Iowa. The intervener filed a petition in intervention herein on April 30, 1932, alleging that on March 22, 1932, a decree was entered in the New York courts appointing a receiver, and ordering a forfeiture of the corporation charter and a dissolution of the corporation. He further alleges that any judgment entered against the defendant respecting any indebtedness due it from the garnishees would be in contravention of the Fourteenth Amendment to the Constitution of United States, and void under the full faith and credit clause thereof (article 4, section 1). Intervener therefore asks that this action be abated and the garnishment dissolved. The intervener admitted the allegations contained in plaintiff's petition.

Plaintiff demurred to intervener's petition of intervention because the facts therein stated did not entitle him to the relief demanded, because the receiver's possession of defendant's property in this state is subject to liens acquired before his right or title became vested, and because plaintiff's rights were acquired by attachment and garnishment prior to the receivership proceedings.

I. Intervener claims that the decree of dissolution against the defendant corporation in the courts of New York completely abates the action pending in this state without any right of survival

for the purpose of winding up its affairs or for any other; that all rights of the plaintiff under the garnishment proceedings were terminated by the decree of the New York court dissolving the corporation and appointing a receiver. Counsel cite some federal cases supporting their contention. Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574; Oklahoma Gas Co. v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634.

An examination of these cases will show that the judgments therein were obtained after the dissolution of the corporation and without any appearance by the receiver of the corporation.

The case of State v. Fidelity L. & T. Co., 113 Iowa 439, 85 N. W. 638, cited by counsel as supporting their contention, simply holds that where the court has decreed (1) a dissolution of a corporation, and (2) the appointment of a receiver, and the corporation appeals from that portion of the decree appointing the receiver, but not from that ordering its dissolution, its acquiescence in the decree of dissolution terminates its existence so that it has no capacity to prosecute an appeal from the other division of the decree.

That case has no bearing upon the question involved in this case. Counsel also cite Tetzloff v. May, 172 Iowa 617, loc. cit. 623, 154 N. W. 905, 907, as supporting its contention because we there said:

"At common law death of a defendant abated an action, and as the action was abated, an attachment of necessity fell with it and was dissolved."

That case, however, does not support intervener's contention. The paragraph from which the foregoing quotation is taken is as follows:

"So much depends upon the terms of the statutes in the several states that a mere count of the cases does not show the preponderant weight of authority. At common law death of a defendant abated an action, and as the action was abated, an attachment of necessity fell with it and was dissolved. Our statutes, however, provide that all causes of action shall survive and may be brought, notwithstanding the death of the person liable (Code section 3443)."

In the case of Tetzloff v. May, 172 Iowa 617, loc. cit. 622, 154 N. W. 905, 907, we said:

"We have heretofore held that an attachment on personal property in an action properly commenced is not dissolved by the death of the attachment defendant. Lord v. Allen, 34 Iowa 281. The reason given for this holding was that the attachment created a specific lien upon the property which was not dissolved by the death of the attachment defendant, following the case of Hannahs v. Felt, 15 Iowa 141, 144. * * * It is true that many courts, in construing local statutes, have held that the death of an attachment defendant dissolves an attachment, whether it be upon real or personal property. [Cite a number of cases.] * * * A contrary doctrine is announced in Moore v. Thayer, 6 How. Prac. (N. Y.) 47 [and a number of other cases cited]."

And then the court proceeded to say:

"So much depends upon the terms of the statutes in the several states that a mere count of the cases does not show the preponderant weight of authority."

The Iowa statute, however, provides for a survival of actions. Code section 10957. And for the prosecution of actions already brought. Code section 10959, which provides:

"Any action contemplated in sections 10957 and 10958 may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased."

The rule in this state is that the claim of a receiver of a foreign corporation, to its property in this state, will not be recognized by the courts of this state as against the valid claims of resident attaching creditor. Ayres v. Siebel, 82 Iowa 347, 47 N. W. 989; Parker v. Lamb, 99 Iowa 265, 68 N. W. 686, 34 L. R. A. 704; State Bank of Ottumwa v. McElroy, 106 Iowa 258, 76 N. W. 715; Neb. Ins. Co. v. Eaton, 107 N. W. 214; Rickman v. Rickman, 180 Mich. 224, 146 N. W. 609, Ann. Cas. 1915C, 1237; Shloss v. Surety Co., 149 Iowa 382, 128 N. W. 384; Miller v. American Co-op. Assn., 110 Neb. 773, 195 N. W. 167.

In the case of the Shloss v. Surety Co., 149 Iowa, 387, 128 N. W. 384, 385, we said:

"The contention that plaintiff, on account of the receivership proceeding and decree of dissolution therein instituted and entered

154

in the state of New York, was bound to present his claim in the proper court of New York, and could not maintain his action thereon in this state, although funds of the company were available in this state out of which the claim might be paid if established, is equally without merit. The well-settled rule in this state is that the claim of a foreign receiver to funds of the corporation found in this state will not be recognized even by way of comity if the result would be to relegate the creditors of the corporation in this state to the relief to which they would be entitled in a foreign jurisdiction, when there are funds of the corporation in the state from which such claims may be satisfied."

Under this rule as supported by the authorities hereinabove enumerated the defendant's property in this state is subject to the claims of resident creditors.

II. It is also contended that an attaching creditor by garnishment does not acquire any lien upon funds in the hands of third persons. A number of authorities are cited supporting such contention. Our statutes in relation to attachment and garnishment proceedings in actions of this kind, where the defendant corporation has been dissolved, must be considered in the light of section 8402 of the Code. Our garnishment statutes provide:

"Section 12101. Property of the defendant in the possession of another, or debts due the defendant, may be attached by garnishment as hereinafter provided."

Section 12157 provides: "The officer serving a writ of attachment shall garnish such persons as the plaintiff may direct as supposed debtors * * * forbidding his paying any debt owing such defendant, due or to become due, and requiring him to retain possession of all property of the defendant in his hands or under his control, to the end that the same may be dealt with according to law," etc.

Section 12169 of the Code provides: "If in any of the above methods it is made to appear that the garnishee was indebted to the defendant, or had any of his property in his hands, at the time of being served with the notice of garnishment, *he will be liable to the plaintiff, in case judgment is finally recovered by him,* to the full amount thereof, or to the amount of such indebtedness or property held by the garnishee, and the plaintiff may have a judgment against

the garnishee for the amount of money due from the garnishee to the defendant," etc.

This action and the garnishment proceedings thereunder were properly commenced on February 18, 1932. At that time no dissolution proceedings had been commenced. The defendant corporation was still a living corporation. It must be conceded that although the plaintiff had no specific lien on the funds in the hands of the garnishee, he did have certain rights against any money or property due from the garnishee to the defendant, and it cannot be said that these rights were immediately and entirely cut off by the receivership proceedings in the state of New York, or in the state of Iowa. The receivership proceedings in this action were not commenced until the 23d day of April, 1932, and were commenced under the authority of section 8402 of the Code. This section provides:

"Courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, and to appoint a receiver therefor, who shall be a resident of the state of Iowa. An action therefor may be instituted by the attorney-general in the name of the state, *reserving, however, to the stockholders and creditors all rights now possessed by them.*" (Italics ours.)

The intervener was appointed receiver in the proceeding commenced by the attorney general in this state. By the provision of section 8402 *all rights possessed by creditors are reserved to them.* If the plaintiff acquired any rights under their garnishment proceedings, they were expressly reserved by the foregoing statute.

The general rule is that "one who before the appointment of receiver levies an attachment on certain property or funds gives him a preference against the property or funds attached as against the receiver." 53 C. J. 251; Citizens State Bank v. Fuel Co., 89 Iowa 624, 57 N. W. 444; Bowen v. Port Huron Engine & Thresher Co., 109 Iowa 255, 80 N. W. 345, 47 L. R. A. 131, 77 Am. St. Rep. 539; Smith v. Nursery & Seed Co., 109 Iowa 51, 79 N. W. 457; Gilmore & Ruhl v. Cohn, 102 Iowa 254, 71 N. W. 244; Kinart v. Churchill, 210 Iowa 72, 230 N. W. 349; Dishman v. Griffis, 198 Ala. 664, 73 So. 966; Buschman v. Hanna, 72 Md. 1, 18 A. 962.

In the case of Bowen v. Port Huron Engine & Thresher Company, 109 Iowa 255, 80 N. W. 345, 47 L. R. A. 131, 77 Am. St. Rep. 539, we said:

"An attachment is auxiliary to the action in which it issues; and garnishment is a mode of attachment. As a general rule, no lien is created on the property in the hands of the garnishee, although it partakes of the nature of a proceeding in rem. * * * Some of the cases seem to hold that it is a mode of attachment, differing in no essential particular from an attachment by levy and seizure, except in the mode of enforcement. We have never gone to the extent of holding that it creates a specific lien upon the property or money in the hands of the garnishee, but have said, in effect, that it gives the plaintiff a specific right over and above that of a mere general creditor to the indebtedness or property [for the payment] of his claim."

In Citizens State Bank v. Fuel Co., 89 Iowa 624, 57 N. W. 444, 446, we said:

"It being conceded that a creditor of a fraudulent chattel mortgagor can reach the property by levy of an execution or attachment, and thus test the validity of the instrument, we discover no good reason for holding that the same result cannot be accomplished under attachment by garnishment. In the one case, a lien is created upon the property; in the other, a personal obligation and liability may be established against the one holding the property. In the one case, the property itself is taken to satisfy the creditor's claim; in the other, the personal liability of the garnishee stands in lieu of the property. If the creditor be successful in the one case, his claim is paid by sale of the property so taken; in the other, he looks to one whom the law, after service of the garnishment process, holds liable for the value of the property in his hands. In either case the liability primarily arises because of the existence of property in fact owned by the debtor. In one case, a specific lien is created by levy or attachment; in the other, while no lien is created upon or attaches to the property itself, yet the effect of the garnishment is to confer upon the creditor a right to the payment of his claim, by reason of the indebtedness existing from the garnishee to the defendant, or because of the garnishee's having in his possession property of the defendant. We think that, by the garnishment, plaintiff became as fully entitled to contest the validity of the alleged fraudulent mortgage as though it had attached the property itself."

It has been definitely settled in this state that the rights of an

attaching creditor by garnishment, although not amounting to a lien upon any specific property, does amount to something equivalent thereto, by regarding the garnishment as an assignment of the debt due from the garnishee; and that the garnishing creditor is placed in the shoes of the defendant. This rule was clearly announced by us in Kinart v. Churchill, 210 Iowa 72, loc. cit. 75, 230 N. W. 349, 350, where we said:

"The appellant cites for our consideration a number of cases wherein we have held that a mere garnishment does not create a lien upon property in the hands of the garnishee, but only a personal liability as against such garnishee. The cases so holding belong to that class where the garnishee is a mere agent or bailee of the judgment debtor, and in possession of his property. In such a case, property may be discovered and uncovered by examination of the garnishee, but the lien is to be acquired by subsequent orders of the court. The procedure applicable in such a case has no application to the case where the garnishee is an admitted debtor of the judgment debtor. In such a case, no discovery or surrender of property is involved. The service of such garnishment is a constructive seizure of the judgment debtor's chose in action against the garnishee, and the garnishee is so notified. True, the statute contemplates a subsequent judgment of condemnation and requires the clerk of the district court to docket an action, without fee, for the purpose of final adjudication, and such adjudication is made conclusive upon the judgment debtor. * * * *The force and effect of the garnishment is not postponed, however, to the later date of the judgment. On the contrary, the judgment relates back to the day of the garnishment, and confirms the seizure as of such date.* It is true, therefore, that though the garnishment be tentative in the first instance and be subject to future defense by the judgment debtor, as well as by the garnishee, yet the present effect of the garnishment is not lost unless it be defeated in such future judicial proceeding. In this case, the garnishment was fully sustained by the final adjudication. To sustain the garnishment and yet to defeat its effective operation until the final adjudication be had, would be to defeat it entirely, for all practical purposes. We hold, therefore, that the final adjudication rendered the garnishment effective from the date of its service. *This being so, the shoes of the judgment debtor were, at all times pending the procedure, in the occupancy of the judgment creditor. For the*

*purpose of collecting his judgment, he became the constructive assignee of his debtor's cause of action against the renter.* The garnishment was effective instanter to suspend the power of the judgment debtor over the chose in action previously held by him against his renter, except as to such excess as might remain over the amount due the judgment creditor. * * * It is well settled in our cases that the assignment of a claim carries with the claim all the security held by the assignor for the collection thereof. * * * We have also held that a valid garnishment is the equivalent of a constructive assignment of the debt owed by the garnishee. * * * In short, we have given to a garnishing creditor the status of an equitable or constructive assignee subject to be defeated only by judgment in the subsequent procedure. This holding is in accord with the great weight of authority from other jurisdictions." (Italics ours.)

III. Under the foregoing doctrine it is clear that the plaintiff acquired positive rights under the garnishment proceedings. It is claimed, however, that because of the dissolution of the corporation there can be no judgment entered against it. The purpose of appointing a receiver is to wind up the affairs of the defendant corporation in this state. The intervener in this case was appointed receiver. He is now in court. In fact he came into the same court in which he was appointed receiver. By the statute authorizing his appointment it was specifically provided that *all rights possessed by creditors at that time were reserved.* The plaintiff in this case was a creditor, and had the rights given him by statute under the attachment and garnishment proceedings. The appointment of the intervener was made subject to these rights. It will not do to say that all his rights were cut off by the receivership proceedings.

In respect to property of the defendant in this state the receiver stepped into the shoes of the defendant and was for this and other purposes representing the corporation in winding up its affairs. State v. Associated Packing Co., 210 Iowa 754, loc. cit. 768, 227 N. W. 627, 633. In that case we said:

"While it is true the corporation was annulled, nevertheless, for the purpose of liquidating it and winding up its affairs, the receiver still represents the corporation, much in the sense that the directors and officers of a corporation whose corporate period has expired still continue to act for the corporation in winding up the corporation's affairs, and further because of the fact that the receiver

has been appointed by a court having jurisdiction of the subject-matter, to take over the assets of the corporation and act in the winding up of its affairs."

■ The intervener suggests that the plaintiff's claim be dismissed, and that he be relegated to the receivership proceedings in New York for the purpose of presenting his claim. As stated by the rule announced in the case of Shloss v. Surety Co., 149 Iowa 382, 128 N. W. 384, 385:

"The well-settled rule in this state is that the claim of a foreign receiver to funds of the corporation found in this state will not be recognized even by way of comity if the result would be to relegate the creditors of the corporation in this state to the relief to which they would be entitled in a foreign jurisdiction, when there are funds of the corporation in the state from which such claims may be satisfied."

The receivership proceedings are pending in this state. The receiver is a party to this action. As the parties are all now in court it will afford no good purpose to require the plaintiff to dismiss his case and come right back into this court again.

There is no good reason why the rights of the parties cannot be fully settled in this action. The facts alleged in plaintiff's petition are admitted. No receivership proceedings were pending at the time this action was commenced. If a judgment cannot be rendered directly against the defendant in this action, the same result can be accomplished by the allowance of the claim against the receiver. We believe the action of the trial court in sustaining the demurrer to defendant's petition was correct. The court's ruling thereon is therefore hereby affirmed.

KINDIG, C. J., and ANDERSON, STEVENS, and ALBERT, JJ., concur.