**LITTLE et al. v. GOULD INVESTMENT INS. CO. et al.**

No. 13775—Opinion Filed Oct. 7, 1924.

1. Insurance—Policy in Stock Company—Recovery for Loss Occurring Prior to Receivership for Liquidation.

The beneficiary of an insurance policy issued by a stock company has the right to recover on the policy for a loss which occurred prior to the appointment of a receiver for the liquidation of the affairs of the company.

2. Same—Liability of Assets of Insolvent Company.

The stockholders of an insolvent stock insurance company will not be heard to complain about the payment of liability on any policy of insurance issued by the company on account of the company becoming insolvent, so long as any assets of the company remain for the payment of its debts.

3. Same—Equitable Basis of Beneficiaries.

The several beneficiaries of the insurance policies issued by a stock company stand upon the same equitable basis as the several policy holders contributed to the creation of the property and assets of the company available for the payment of claims.

4. Same—Liquidation of Company's Affairs—Prompt Payment of Claims.

After the insurance company has been adjudged to be insolvent and a receiver or trustee has been appointed by the court to liquidate the affairs of the company, the beneficiaries and creditors of the company are entitled to have the affairs of the company settled and the claims paid with reasonable dispatch.

5. Same—Protest of One Beneficiary Against Payment to Another.

The complaint of one beneficiary against the payment of the claim of another beneficiary in the course of the liquidation of the affairs of the company, is made to rest upon the fact that the payment will occasion undue delay in the settlement of the affairs of the company and the payment of other beneficiaries.

6. Same—Claims of Beneficiaries—Defense.

The answers of the several defendants in this action do not state a good defense against the claims of the several beneficiaries.

7. Judgment not Sustained.

Record examined; held, to be insufficient to support judgment against the claimants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by the State of Oklahoma ex rel. E. W. Hardin, Insurance Commissioner, against the Gould Investment Insurance Company, to restrain the defendant in the further conduct of its business in the State. Delphia Little and other beneficiaries of policies issued by the company intervened

to recover on insurance policies issued by the company. The judgment denied interveners the right to recover. Interveners bring error. Reversed and remanded, with directions to enter judgment for interveners for the amount due on policies.

Ledbetter, Stuart, Bell & Ledbetter, Shirk, Danner & Fowler, and Evans, Watson & Hubber, for plaintiffs in error.

Beets & Darrough and D. B. Welty, for defendants in error.

Opinion by STEPHENSON, C. The state of Oklahoma, on the relation of E. W. Hardin, as Insurance Commissioner, commenced its action against the Gould Investment Insurance Company to restrain the company from continuing its insurance business in the state of Oklahoma, and for the appointment of an agent for the conduct of the defendant's business. The plaintiff for its causes of action alleged that the mismanaging its business affairs and imposing upon its policy holders in an unfair manner. The court issued a temporary injunction restraining the defendant from the conduct of its insurance business in the state. The court appointed W. A. Carver as an agent for the company to conduct the business of the company under the direction of the court. It appears from the record that W. A. Carver received the premiums for the company due on policies issued by the company. The agent performed other acts for the company in relation to the conduct and continuance of its business affairs. After the appointment of the agent, it appears that the efforts of all parties concerned in the suit were directed to reestablishing the company on a firm business basis. Two meetings of the stockholders of the company were held with a view of adjusting the company's affairs. As late as February, 1922, it appears that the court placed the affairs of the company in the hands of a reorganization committee for the purpose of enabling the company to reestablish its business. The purposes of the agent and the reorganization committee were not to liquidate the affairs of the company, but to aid and assist the company to reorganize for business. Finally, on July 7, 1922, the court appointed the Southwest National Bank as agent or receiver for the company, with instructions to proceed in the liquidation of its affairs. The several policy holders of the beneficiaries involved in this action died not later than July, 1921. All the policy holders had complied with the conditions of their policies prior to death, and had not breached the conditions of any of the pol-

icies. The receiver of the company refused to allow the claims of the several beneficiaries. The beneficiaries intervened in this cause to recover on the policies issued by the defendant insurance company. The cause was tried to the court without the intervention of a jury. The court denied recovery in favor of the interveners The latter have appealed the cause and assign the following errors for reversal here:

(1) The judgment of the court is contrary to the evidence; (2) the judgment is contrary to law.

It appears that the court denied recovery on the ground that the liability on the policies arose after the institution of the injunction proceedings, and the appointment of the first agent to manage the affairs of the company. The rule applied by the courts of several states differs in relation to the rights of the beneficiaries against an insolvent stock insurance company; some require the cause of action to accrue prior to the filing of the liquidation proceedings, and others allow recovery if it occurs before the appointment of a receiver. It will be observed that this proceeding was commenced primarily for the purpose of restraining the insurance company from continuing its business in this state on account of the mismanagment of its business affairs. It does not appear that the liquidation of the affairs was sought or contemplated at the time of the commencement of this suit by the Insurance Commissioner. The fact that the insurance company was denied the right to continue its business in this state could not affect the rights already created by the issuance of its policies of insurance. The efforts of all parties concerned between the time of filing this action and the date of July 7, 1922, were directed to the proposition of enabling the company to reestablish and continue its insurance business in the state. It appears that on the later date. the parties concerned in the matter of reestablishing the company became convinced that it was not practical for the company to reorganize in business. The reorganization committee and others concerned then petitioned the court to appoint the Southwest National Bank as receiver for the purpose of liquidating the affairs of the company. It appears that this was the first step taken by the court or the parties concerned to bring about the liquidation and settlement of the company's affairs. The right of actions had accrued in favor of the several beneficiaries involved in this action prior to the date of the appointment

of the Southwest National Bank as receiver in liquidation.

The stockholders of an insurance company are not in a position to make complaint against the payment of claims on any contracts of insurance issued by the company. The company has bound itself for a valuable consideration to perform the conditions set forth in the contract. The stockholders certainly could not complain that the beneficiaries undertook to enforce their claims on the policies because of the wrongs of the company.

The several policy holders must stand upon the same equitable plane as they have equally contributed to the creation of the assets of the company. It follows that a beneficiary should have a sound reason on which to base his denial of payment to another beneficiary; there should be some real difference between the situation of the beneficiaries in order to enable one beneficiary to claim a preference over another in receiving payments from the assets of the company. The beneficiaries and creditors of an insolvent stock insurance company or any other insurance company are entitled to have the affairs of the company liquidated with reasonable dispatch in order that they may receive payment for their claims. The complaint of one beneficiary against the payment of the claim of another beneficiary should rest on the ground that to follow the proceedings necessary to effect payment of the latter would result in unreasonable delay in the liquidation of the affairs of the company. The basis of complaint to payment in this case should be made to rest upon the question of delay in the settlement of the claims of other beneficiaries. It is not necessary for us to go farther in this case than to say that the payment of the claims of the beneficiaries in this suit would not have delayed the settlement and liquidation of the affairs of the company, as the causes of action arose prior to the appointment of the Southwest Natoinal Bank for the purpose of liquidation. It appears that the attorneys for the defendants offered to confess judgment in favor of the interveners during the course of the trial for 20 per cent. of the claims. The offer of confession was an acknowledgment of liability on the part of the company in favor of the interveners. The right of the interveners to recover then became a question of law for the court. The interveners in this action are entitled to recovery for the full amount represented by the policies.

We are not advised by the record whether the defendant company may be able to make full payment of all claims; if not these claimants should be paid pro rata with other beneficiaries. Evans v. Ill. Surety Co., 298 Ill. 101, 131 N. E. 262; Shloss v. Metropolitan Surety Co., 149 Iowa, 382, 128 N. W. 384; The Ins. Commr. v. Fire Ins. Co., 68 N. H. 51, 44 Atl. 82; Fed. Union Ins. Co. v. Flemister, 95 Ark. 389, 130 S. W. 574; People v. Highland Mutual Fire Ins. Co., 56 N. Y. Supp. 83; Frink v. Natl. Mutual Fire Ins. Co., 90 S. C. 544, 74 S. E. 33.

It is recommended that this cause be reversed and remanded with directions to the trial court to enter judgment in favor of all the interveners for the amounts sued for on the policies, and for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.